0468

Robert M. MOORE, Jr., Appellant, v. William M. REYNOLDS, III, Respondent.

(330 S. E. (2d) 542)

Court of Appeals

*Edward V. Atkinson,* of *Atkinson, Davis & Newman,* Sumter, *for appellant.*

*Harry C. Wilson, Jr.,* of *Lee, Wilson, Erter & Booth,* Sumter, *for respondent.*

Heard Feb. 28, 1985.

Decided May 14, 1985.

CURETON, Judge:

Respondent William M. Reynolds, III, brought this action to enjoin appellant Robert M. Moore, Jr., from obstructing a right-of-way. After the circuit court granted Reynolds's motion for summary judgment on the question of his right to an easement affecting the right-of-way, the remainder of the case was heard by a master-in-equity who recommended that the injunction be granted. The circuit court confirmed the master's findings and granted the injunction and Moore appeals. We affirm.

The issues that we consider in this appeal are (1) whether the circuit court erred in confirming the master's conclusion that Reynolds should elect pursuant to Circuit Court Rule 78 the theory upon which he based his right to an easement, to wit, an easement by grant, prescription, or necessity, and (2) whether the court committed error in confirming the master's findings as to the location of the easement and determination of its width.

Reynolds alleged in his complaint that he is the owner of a tract of land located in Sumter County and that Moore is the owner of an adjacent tract over which he is entitled to an easement along an "Old Neighborhood Road." Moore's answer admitted that he is the owner of the tract in question but denied that the neighborhood road crosses his property in the fashion claimed by Reynolds. Reynolds moved for summary judgment. The circuit court entered its order finding that Reynolds had "an easement appurtenant over, across and upon the lands of the defendant [Moore] and [that] the determination of the location of the easement appurtenant is hereby denied with the same to be determined upon trial of the matter." No appeal was taken from this order and the case was thereafter referred to a master.

Both Reynolds's and Moore's properties were originally part of a 2,141-acre tract of land belonging to the Estate of W. W. Anderson. This acreage was divided by Anderson's heirs into several tracts. Tract number one containing 166.3 acres of upland, 103.7 acres of swamp land and 227 acres of mill pond was awarded to Mary Virginia Nelson who in 1926 deeded the mill pond and fifty-two acres of the swamp land to Mary Virginia Saunders White. The deed to White contained the following easement:

> A right of way over and upon the neighborhood road leading from the road known as Stateburg and Sumter's Landing Road, terminating on and into the 52 acres above described as a right of way appurtenant thereto.

Subsequently, in January 1927, Mrs. Nelson conveyed to Moore's predecessor in title the remainder of tract number one. Mrs. White died in 1959, devising the 227-acre tract and fifty-two-acre tract to her children. In 1960 the children joined in a conveyance of the two tracts to Reynolds's grandfather. The latter deed contained the precise easement described in the 1926 deed to Mrs. White. In 1977, Reynolds received title to the tracts under his grandfather's will.

In disposing of Moore's contention that Reynolds was required to elect the theory on which he relied to support his claim of an easement, we find no merit to it. The circuit court found that Reynolds was entitled to an easement across Moore's land. The order was not appealed.

Therefore, the basis upon which the circuit court found that the easement existed was not before the master for determination. Moreover, our review of Reynold's complaint convinces us that he claims an easement by grant only.

We now turn to the question of whether the court committed reversible error in adopting the master's findings as to the location of the easement and the determination of its width. In an action in equity tried first by a master, findings of fact concurred in by a circuit judge will not be disturbed on appeal unless we find no evidentiary support for the findings. *Lund v. Gray Line Water Tours, Inc.*, 277 S. C. 447, 289 S. E. (2d) 404 (1982). We find evidentiary support for the concurrent findings of the master and circuit court judge.

Moore concedes that Reynolds has an easement to his property along the "Old Neighborhood Road" but denies that the old road takes route across his property as claimed by Reynolds. Therefore, the master had to decide the location of the old road. Essentially, Reynolds claimed the old road commenced at the Stateburg and Sumter's Landing Road, crossed property entirely owned by Moore and terminated upon the fifty-two acre tract. On the other hand, Moore claimed that the old road left the main road from a different point, took a more circuitous route along property of one Brevard, then along a creek road before crossing a small corner of his land and passing along the rear of Reynolds's land.

Both parties presented witnesses to support their contentions relative to the location of the old road. While Moore presented more witnesses, the matter of judging their credibility was largely for the master who heard the witnesses. *Klutts Resort Realty, Inc. v. Down'Round Development, Corp.*, 268 S. C. 80, 232 S. E. (2d) 20 (1977). In his brief, Moore seeks to discredit Reynolds's witnesses by showing that in 1926 when the easement was given, the witnesses were unborn or very young. The ages of the witnesses may reflect upon their credibility but would not serve to make such witnesses' testimony incompetent, where as here, the witnesses testified to the location of the road, albeit after 1926.

Aside from the testimony of Reynolds and his wit-

■ ■ nesses about the location of the old road, the master noted two other reasons that buttressed his findings. First, the easement given by White in 1926 to Reynolds's predecessor in title was an easement appurtenant that terminated on the fifty-two acres. An essential feature of an appurtenant easement is that it must have one of its termini in the dominant property. *Shia v. Pendergrass*, 222 S. C. 342, 72 S. E. (2d) 699 (1952). The route of the easement urged by Reynolds is the only one of the two routes that would terminate on the fifty-two-acre tract. Secondly, the easement necessarily had to have been granted upon property owned by White in 1926. It is conceded that the property presently owned by Moore was the only property owned by White in 1926 over which she could have granted an easement. To accept Moore's claim as to the location of the right-of-way would require the court to conclude that White gave an easement over property she did not own. While it has been said that the law is jealous of a claim to an easement, and the party asserting such a claim must prove his right to it clearly, *Polson v. Ingram*, 22 S. C. 541 (1885), we have no difficulty finding evidentiary support for the concurrent findings of the master and circuit judge on this issue.

We next turn to the question of whether there is
■ evidentiary support for the concurrent findings of the master and circuit judge relative to the width of the easement. Moore admits in his reply brief that there "may be some evidence in the record that a reasonable width for the easement was twenty-five feet," but argues further that the question before the master was not what was reasonable but rather, what was the actual width of the easement in 1926. It is a well-settled rule that where a deed grants a right of way but does not fix its width, a determination of the width of the easement becomes a matter of construction of the instrument with strong consideration being given to what is reasonable, convenient and necessary to accomplish the purpose for which the right-of-way was created. *Patterson v. Duke Power Company*, 256 S. C. 479, 183 S. E. (2d) 122 (1971); 25 Am. Jur. (2d) *Easements and Licenses* Section 78 (1966); 28 C.J.S. *Easements* Section 77 (1941). In any event the intention of the parties must be the object of such inquiry. 25 Am. Jur. (2d) *Easements and Licenses* Section 78.

From our review of the record we find no direct evidence of the intention of the parties to the 1926 deed concerning the width of the right-of-way. The only mention of the width of the easement in the record was made by Reynolds's father who testified that he was born in 1921 and that as a small child in the 1920's he and his father traveled the old road which was "perhaps twenty or thirty feet wide." He also related that the old road "was fairly well traveled then ... because the tenants were traveling to and from their houses along the road." He also testified that he thought that a twenty-five foot right-of-way was reasonable. We find from his testimony support for a finding that the old road was twenty-five feet wide and that twenty-five feet was reasonable, convenient and necessary to accomplish the purpose for which the easement was given.

Accordingly the order of the trial judge is

Affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.