## 1621

Mildred B. GILES, Appellant-Respondent v. Timothy L. PARKER and Billy H. Craig, Respondents-Appellants.

(403 S.E. (2d) 130)

Court of Appeals

*John Oates Woods* and *Henry T. Woods*, both of *Woods & Woods*, Rock Hill, *for appellant-respondent*.

*Edward M. Jackson*, and *John C. Hayes, III*, of *Hayes, Brunson & Gatlin*, Rock Hill, *for respondents-appellants*.

Heard Dec. 4, 1990; Decided March 4, 1991.

Rehearing Denied May 7, 1991.

GARDNER, Judge:

This cross-appeal involves the width of a road running through the farm of Mildred B. Giles (Giles) to property now owned by Timothy L. Parker and Billy H. Craig (Parker and Craig). Giles' property is located in York County near the City of Rock Hill and is delineated on a plat made in 1919. The plat does not specify the width of the road. The trial judge found that the original width of the road was twenty feet. A plat (1988 plat), showing the road to be twenty-five feet, was drawn during the process of unsuccessful negotiations. The trial judge found that Parker and Craig had unlawfully widened the road to twenty-five feet, that Giles was entitled to damages for the trespass and then incongruously decreed that the 1988 plat be recorded. We affirm in part, reverse in part and remand.

## ISSUES

The issues of merit are whether (1) the trial judge erred in failing to find that the unspecified width of the subject road should be determined by calculating its width using the indicated scale of the 1919 plat, (2) the trial judge erred in holding that the width of the road was a matter of construction to de-

termine the original intent of the parties as to the width of the road, (3) the relief granted in the appealed order is inconsistent with and does not conform to the findings of fact made by the trial judge and (4) the trial judge erred in awarding attorney fees for Giles.

## FACTS

The disputed road runs through Giles' land to Parker and Craig's land and is the only existing entrance to the Parker and Craig property. There is another right-of-way to Parker and Craig's property, but no road has been built along this right-of-way. The 1919 plat subdivides a tract of land which lies south of a public road known as Finley Road. The subject road runs south between two front lots to the rear of the subdivided tract. Courses and distances are used on all boundaries of each tract, but not for the road in question. The plat bears a legend "center of road" to indicate that the boundaries of the bordering lots extend to the center of the road.

Giles has lived on the property for twenty-four years. She inherited from her uncle one of the front lots and two of the lots in the rear of the subdivision. In 1985, Parker and Craig purchased a 6.2 acre tract of land located at the rear of the subdivision on which they planned to establish a mobile home park.

Until 1987 when Parker and Craig widened the road, it was a one-lane dirt road used by farm wagons and automobiles. Only Giles used it on a regular basis. After Parker and Craig approached Giles about widening the road, Giles' attorney prepared a settlement agreement, but it was not signed by the parties.

Parker and Craig assert that the issue of this action is the width of the road shown on the 1919 plat. This is true; however, as noted, there are other issues incident to this broad proposition.

The trial judge allowed evidence as to the original width of the road. This testimony varied from ten to twenty feet. The surveyor testified that at the time he surveyed the road for the proposed settlement "[t]here was a single lane driveway type road." This testimony is consistent with all other testimony of record pertaining to the width of the road as it was before it was widened by Parker and Craig.

## SCOPE OF REVIEW

The scope of review of a declaratory judgment action will be considered one at law unless it be determined that the underlying purpose of the action set forth in the complaint is equitable. *Noisette v. Ismail,* 299 S.C. 243, 384 S.E. (2d) 310 (Ct. App. 1989). In this case, Giles demands damages for trespass by Parker and Craig. She admits that there is a roadway but alleges that it was only fifteen feet and that Parker and Craig have trespassed on ten feet of her land. We hold that our scope of review in this case will be that of the review of a case at law; i.e., on appeal of a case tried by judge without a jury, findings of fact by the judge will not be disturbed on appeal unless found to be without evidentiary support. *Strickland v. Prudential Ins. Co. of America,* 278 S.C. 82, 292 S.E. (2d) 301 (1982).

## DISCUSSION

### I.

We reject Parker and Craig's contention that the width of the road would be established by calculating its width by measurement according to the scale indicated on the 1919 plat. Although the plat expressly creates the road, they admit the plat is distorted and not the original map. They argue that the trial judge "observed" that on a scale of one inch equaling 300 feet, the "disputed roadway" measures 1-5/16th of an inch (probably meaning 5/16th inch) on the 1919 plat which would scale out to a width of 28.12 feet. They vigorously argue "for the court to make any other determination as to the width of the road, other than it is at a minimum 28.12 feet wide is error unless the trial judge can specifically delineate the mathematical methodology of measurement which results in a finding that the road is less wide than 28.12 feet." We reject this contention.

The surveyor, who was the only expert, testified that the width of the road could not be ascertained by measurement of the lines drawn on the 1919 plat. There is evidence of record to support the trial judge's finding that the subject road was not specifically delineated on the 1919 plat. We concur in this finding and reject this contention by Parker and Craig.

## II.

We reject Parker and Craig's contention that the trial judge erred in holding (1) that when a plat shows a road but its width is not specifically indicated, the determination of width becomes a matter of construction to determine the intent of the parties as to the width of the road at the time of the conveyance and (2) in so doing strong consideration must be given to what was reasonable, convenient and necessary to accomplish the purpose of the person conveying the property.

When land is subdivided and sold according to a plat showing streets or roads, the grantees acquire a private easement in the streets, but the easement does not become a public easement until there has been an express or implied acceptance of the dedication, evidenced either by general public use or by acts of the public authorities. *Outlaw v. Moise*, 222 S.C. 24, 71 S.E. (2d) 509 (1952).

The question of dedication is not seriously argued by either party. The road in this case was not accepted by the public but rather used as a private one-land easement of ingress and egress by Giles, her predecessor in title and the predecessor in title to Parker and Craig.

It is a well-settled rule of this state that when "a deed grants a right-of-way but does not fix its width, a determination of the width of the easement becomes a matter of construction of the instrument with strong consideration being given to what is reasonable, convenient and necessary to accomplish the purpose for which the right-of-way was created." *Moore v. Reynolds*, 285 S.C. 574, 578, 330 S.E. (2d) 542, 545 (Ct. App. 1985). The rule set forth in *Moore* is consonant with the majority of cases examined in Annotation, *Width of Way Created by Express Grant, Reservation or Exception Not Specifying Width*, 28 A.L.R. (2d) 253 (1953).

We hold that the trial judge did not err in the manner by which he reached his conclusion.

## III.

Giles contends the trial court's findings of fact that the original road was twenty feet and that the defendants unlawfully widened the road to twenty-five feet do not conform with the decretal portion of the order requiring the

recordation of the 1988 plat showing the width to be twenty-five feet and, therefore, is erroneous. We agree.

It is a well-established principle of law, applicable to both cases tried by the court and cases tried by a jury, that the judgment or decree of the court must conform to the findings of fact made by the fact finder. 49 C.J.S. *Judgments*, § 55 (1947).

The trial judge found as a matter of fact that the original width of the easement was twenty feet, that Parker and Craig illegally widened the easement to twenty-five feet, and that this interfered with Giles' enjoyment of the property and damaged her property. Then, in the decretal portion, the trial judge ordered the recordation of the 1988 plat of a road twenty-five feet wide. This portion of the decree is inconsistent with and does not conform with the noted findings of fact; the inconsistency is the finding of an illegal taking of property followed by the decree giving effect to this taking. A court cannot legitimize a taking it has found to be unlawful. The decretal portion of the order requiring the widening of the road to twenty-five feet is inconsistent with the noted findings of fact; it is, therefore, erroneous and reversed.

## IV.

We reject Parker and Craig's contention that Giles is estopped to deny the width of the road. We find no evidence of record establishing facts upon which Giles is estopped in this respect. Parker and Craig's reliance on the case of *Blue Ridge Realty Co. v. Williamson*, 247 S.C. 112, 145 S.E. (2d) 922 (1965) is misplaced. There, the court held that there was a dedication and acceptance of the road set out on a plat. This is not the case before us.

## V.

Parker and Craig contend that the trial judge erred in providing that attorney fees should be awarded Giles. We agree. The underlying action in this case is one of trespass. Attorney fees are not allowed in such actions. The appealed order is therefore reversed insofar as it awarded attorney fees to Giles.

## CONCLUSION

We hold that the trial judge properly held (1) that the width of the road could not be determined from the 1919 plat, (2) that under the circumstances of this case the width of the road is determined by the rules set forth in *Moore v. Reynolds*, (3) that the appealed order is erroneous insofar as it decrees the recordation of the 1988 plat because this is inconsistent with the findings of fact, (4) that there is no merit to Parker and Craig's contention that Giles is estopped by the recordation of the 1919 plat and (5) that the trial judge erred in awarding attorney fees to Giles. We also hold that there is evidence of record to support the trial judge's finding that Parker and Craig's widening of the road was unlawful and, in effect, constituted trespass.

We find no merit to the other issues presented. The bifurcation of the trial was well within the discretion of the trial judge.[1] The contention that the parties agreed to widen the road is palpably without merit in view of the testimony of record. The appealed order is therefore affirmed in part, reversed in part and remanded for purposes of entering judgment in accordance with this decision.

Affirmed in part, reversed in part and remanded.

SANDERS, C.J., and LITTLEJOHN, Acting J., concur.

---

[1] *See* Rule 42(b) SCRCP which provides, in effect, among other things, that the court may provide for separate trials of any issue provided the right of jury trial is preserved.