24246

NEWINGTON PLANTATION ESTATES ASSOCIATION, Respondent v. NEWINGTON PLANTATION ESTATES, a limited partnership, John Doe and Mary Roe, being fictitious names used to designate any and all persons or legal entities unknown, if any, including unknown heirs at law and distributees or devisees of any named defendants who may be deceased, infants, insane persons, incompetents or other persons under disability, and persons in the military service within the meaning of Title 50, U.S. Code, commonly referred to as the Soldiers and Sailors Civil Relief Act of 1940, claiming any right, title, estate, interest in or lien upon the real estate described herein, Defendants, Of whom Frank W. Jarvis and Susan B. Jarvis are Appellants.

(458 S.E. (2d) 36)

Supreme Court

*Stephen P. Groves* and *John Hamilton Smith,* both of *Young, Clement, Rivers & Tisdale,* Charleston, and *Patrick Robert Watts,* of *Smith and Watts,* Summerville, *for appellants.*

*James A. Bell,* of *Bell & Robbins,* St. George, and *James B. Richardson,* of *Svlaina, Richardson & Smith,* Columbia, *for respondent.*

Heard Mar. 22, 1995.

Decided May 8, 1995.

MOORE, Justice:

Respondent Newington Plantation Estates Association (Association) commenced this action to quiet title to a .57-acre tract (Tract A-1) in the Newington Plantation Estates subdivision. Appellants Frank and Susan Jarvis own property abutting Tract A-1. The master quieted title in favor of Association unencumbered by any interest asserted by the Jarvises. We reverse.

## FACTS

The undisputed facts are as follows. The predecessor in interest to the Newington Plantation Estates Limited Partnership (Developer) recorded a plat of the subdivision on July 5, 1972. This plat was granted final approval by Dorchester County Council (County) and includes a notation that "[a]ll streets and rights of way shown hereon are hereby dedicated to public use forever." The plat depicts a traffic circle with two

named roads, Axtell Drive and King Charles Circle (here-inafter "King Charles"), radiating off of it.

Developer also recorded restrictive covenants of August 23, 1974. Paragraph three of these restrictive covenants reserves to Developer the rights to

> relocate, open or close streets shown on the [recorded] plat . . .; provided, however, no lot sold prior to such revision, relocation or change shall be deprived of that portion of the street or streets on which it bonds, nor of access to such lot from the streets in said subdivision.

On March 31, 1987, the Jarvises purchased Lot 7-A in the subdivision. Lot 7-A is depicted on the plat as being bordered by King Charles and the traffic circle. When the Jarvises purchased their lot in 1987, the roadbed for the entire traffic circle had been laid, but it was not paved or used for traffic. Axtell Drive, a paved road, crossed through the traffic circle; the only section of the traffic circle that was paved was the part between King Charles and Axtell Drive. The section of the traffic circle to the right of King Charles remained unpaved and borders the Jarvises' lot. This unpaved section is the contested parcel. Tract A-1.

In January 1993, in preparation for construction, the Jarvises began clearing their lot and Tract A-1 which they intended to use for access to their property.[1] Subsequently, Association obtained quit-claim deeds from both Developer and County for the unpaved portion of the traffic circle, including the contested Tract A-1. Association then commenced this action to quiet title.

### ISSUE

Are the Jarvises entitled to a private easement over Tract A-1?

### DISCUSSION

The master found the Jarvises were not entitled to an easement over Tract A-1 because the dedication for public use was

---

[1] Mr Jarvis' testimony indicates he sought permission from the County for access to the paved road, King Charles, and instead was given permission to use the unpaved traffic circle for access in order to avoid having to put in a culvert.

terminated when County gave its quit claim deed to Association. The Jarvises contend the master erred in refusing to grant them an easement over tract A-1 as a matter of law based on the recorded plate referenced in their deed and the restrictive covenants. We agree.

While dedication for public use is significant to the creation of a public easement, it is irrelevant to the determination whether a private easement exists. *Blue Ridge Realty Co. v. Williamson*, 247 S.C. 112, 145 S.E. (2d) 922 (1965); *Corbin v.Cherokee Realty Co.*, 229 S.C. 16, 91 S.E. (2d) 542 (1956); *Outlaw v. Moise*, 222 S.C. 24, 71 S.E. (2d) 509 (1952). Absent evidence of the seller's intent to the contrary, a conveyance of land that references a map depicting streets conveys to the purchaser, as a matter of law, a private easement by implication with respect to those street, whether or not there is a dedication to public use. *McAllister v. Smiley*, 301 S.C. 10, 389 S.E. (2d) 857 (1990); *Cason v. Gibson*, 217 S.C. 500, 61 S.E. (2d) 58 (1950). As between an owner who has conveyed lots according to a plat and the grantee, the dedication of a private easement is complete when the conveyance is made *Carolina Land Co., Inc. v. Bland*, 265 S.C. 98, 217 S.E. (2d) 16 (1975).

In this case, the Jarvises' deed, which specifically references the recorded plat depicting the traffic circle, gives rise to a private easement over Tract A-1 as a matter of law since there is no evidence of Developer's intent otherwise. *McAllister, supra*. Paragraph three of the restrictive covenants further evidences Developer's intent to dedicate a private easement to the street shown on the recorded plat for lots purchased pursuant to that plat. Accordingly, the master's denial of the Jarvises' claim of a private easement over Tract A-1 is

Reversed.

FINNEY, C.J., TOAL and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.