*63
 
 GOOLSBY, J.
 

 Ed Frierson, IV, Virginia Frierson, and Allie S. Frierson (collectively, the “Friersons”) brought this declaratory judgment action against David L. Watson and others to establish an easement for the use of a hallway between two adjoining buildings. The circuit court granted summary judgment to the Friersons, finding they had established an easement for the hallway. Watson appeals. We affirm.
 
 [1]
 

 FACTS
 

 The Friersons
 
 [2]
 
 have a two-story building at the corner of East Main Street and Pendleton Street in Easley, South Carolina. The building shares a common wall with an adjacent two-story building owned by Watson and his wife.
 
 [3]
 
 An outdoor stairway located on Watson’s property provides access to the second floor of both buildings. This dispute arose when Watson began to construct apartments on the second floor of his building and proposed to close off a connecting hallway at the top of the stairs. The Friersons assert they have an easement to use the outdoor stairway as well as the hallway to access the second floor of their building.
 
 [4]
 
 They allege Watson’s construction violates their easement because it would deny them access to the second floor. Watson does not dispute an easement exists for the stairway, but maintains there is no easement for the hallway and the Friersons would not be denied access to the upper floor of their building because there is a stairway inside the Frierson building.
 

 
 *64
 
 A review of the real estate records shows the Friersons’ predeeessors-in-interest, E.C., E.O., and D.M. Frierson, purchased the building in 1929 from the “Estate of R.F. Smith, Inc.” The 1929 deed, dated January 14 and recorded on January 23, expressly conveyed “an easement in a certain four foot stair-way in the back of the building, with right of ingress and egress on said stairway to the second story of said building.”
 

 On January 21, 1929, two days before the deed was recorded, the parties to the sale executed a “Memorandum of Agreement” concerning an easement for the use of the hallway. Although the agreement was signed, it was never recorded. The agreement stated in relevant part:
 

 [T]he party of the first part [Estate of R.F. Smith, Inc.] has sold to the parties of the second part [E.C., E.O. and D.M. Frierson], a certain brick building at the corner of Main and Pendleton Streets, the second story of which is not partitioned, but one-half belongs to each of the parties hereto. There are offices constructed over the building of the parties of the second part covering practically the width of their building. As a part of the consideration of the sale of this property, the party of the first part grants to the parties of the second part, the right to use the hall-way on the second floor as long as the said room remains unpartioned [sic] by brick and continuous through to the roof.
 

 The Friersons currently use the first floor of their building to operate a drug store. Over the years, the family used the second floor for a variety of purposes. At one point, it was a Masonic lodge. Later, the family rented the second story to doctors, dentists, and others as office space and visitors used the hallway to access those offices. The second floor eventually became unusable and the family utilized it for storage and for private office space. The Frierson building passed through the estate of E.O. Frierson, one of the original parties named in the deed, to Virginia Frierson’s husband, E.C. Frierson, III, and then through the husband’s estate to Virginia.
 

 In 2002, Watson and his wife purchased the two-story building adjacent to the Friersons’ building from Goodwill Industries of Upper South Carolina, Inc. The deed, recorded
 
 *65
 
 June 6, 2002, noted an easement as follows: “This conveyance is made subject to an easement granted E.C. Frierson, et al. to use the stairway along this common line as ingress and egress to the second story of the Frierson building (See Deed Book 3-V at Page 229).” The 2002 deed also referenced “a plat prepared by J.C. Smith & Associates, Surveyors, for Goodwill Industries of Upper South Carolina, Inc. dated April 23, 2002.... ” The plat showed access to the second floor via an external door, a twenty-eight foot stairway, and a forty-foot portion of an upstairs hallway.
 

 Watson’s closing attorney wrote a title opinion on June 3, 2002, prior to the closing, noting Goodwill was the owner of the property subject to easements for use of the exterior door, stairway, and hallway:
 

 Goodwill Industries of Upper South Carolina, Inc. is the fee simple owner of said property subject, however, to the following exceptions ... Easement as to Tract No. 2., granted to E.C. Frierson, E.O. Frierson and D.M. Frierson, their heirs and assigns ... and such easements or rights-of-way to the exterior door, stairwell and hallway as [shown] on a plat dated April 23, 2002, by Smith Surveyors, Inc. for Goodwill Industries of Upper South Carolina, Inc.
 

 Following the purchase, Watson began constructing apartments on the second floor of their building. He planned to place one of those apartments where the hallway was located. The Friersons brought this declaratory judgment action to establish an easement to the hallway. They also sought an injunction to stop Watson’s construction and additionally asserted claims for trespass and breach of contract. The Frier-sons claimed Watson’s construction violated their easement by eliminating the hallway, which denied them access to the second floor of their building.
 

 During his deposition for discovery, Watson testified that he saw the survey containing the hallway easement either at closing or up to one week prior to closing, but he did not realize until after closing that the survey was actually part of the deed. Watson further testified that he received (1) either a copy of the 1929 deed or a document including the same language as the deed that granted an easement for the stairway and (2) a copy of the subsequent Memorandum of
 
 *66
 
 Agreement from 1929 that granted an easement for the hallway. Also prior to the closing, Watson and a previous owner of the building had a conversation about an ongoing dispute with the Friersons about the hallway; during this conversation the previous owner informed Watson that the Friersons were claiming a right to use the hallway. Watson acknowledged that an easement to only the top of the stairway served no purpose for the Friersons without some way to access their second floor from it.
 

 The Friersons moved for summary judgment. After a hearing, the circuit court determined the Friersons had established an easement for use of the hallway by grant and by prescription and granted the Friersons’ motion. Watson appeals.
 

 STANDARD OF REVIEW
 

 Under the South Carolina Rules of Civil Procedure, the trial court may determine summary judgment is appropriate when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c), SCRCP. “In determining whether any triable issue of fact exists, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the non-moving party.”
 
 Summer v. Carpenter,
 
 328 S.C. 36, 42, 492 S.E.2d 55, 58 (1997).
 

 “When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP.”
 
 Fleming v. Rose,
 
 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002);
 
 see also Baird v. Charleston County,
 
 333 S.C. 519, 529, 511 S.E.2d 69, 74 (1999) (“Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.”).
 

 LAW/ANALYSIS
 

 On appeal, Watson contends the circuit court erred in granting summary judgment to the Friersons and determining they had established an easement by grant to use the hallway.
 
 *67
 
 Specifically, Watson asserts the 1929 deed granting an easement for use of the stairway does not refer to the hallway and the Memorandum of Agreement granting the hallway easement was not recorded.
 

 “An easement is a right which one person has to use the land of another for a specific purpose.”
 
 Steele v. Williams,
 
 204 S.C. 124, 132, 28 S.E.2d 644, 647 (1944). This right of way over land may arise in three ways: (1) from necessity, (2) by grant, and (3) by prescription. Id. at 132, 28 S.E.2d at 647-48;
 
 see also Sandy Island Corp. v. Ragsdale,
 
 246 S.C. 414, 419, 143 S.E.2d 803, 806 (1965) (“One of the ways of creating an easement is by an express written grant.”).
 

 “A reservation of an easement in a deed by which lands are conveyed is equivalent, for the purpose of the creation of the easement, to an express grant of the easement by the grantee of the lands.”
 
 Sandy Island Corp.,
 
 246 S.C. at 419, 143 S.E.2d at 806.
 

 “ ‘A grant of an easement is to be construed in accordance with the rules applied to deeds and other written instruments.’ ”
 
 Binkley v. Rabon Creek Watershed Conservation Disk,
 
 348 S.C. 58, 71, 558 S.E.2d 902, 909 (Ct.App.2001) (quoting 28A C.J.S.
 
 Easements
 
 § 57 (1996)). Both deeds and easements are valid to subsequent purchasers without notice when they are recorded. S.C.Code Ann. § 30-7-10 (Supp. 2005). The purpose of the recording statute is to protect a subsequent buyer
 
 without
 
 notice.
 
 Burnett v. Holliday Bros.,
 
 279 S.C. 222, 225, 305 S.E.2d 238, 240 (1983). Additionally, one who already has notice of the existence of any instrument will be bound by such notice whether the instrument is recorded or not.
 
 First Presbyterian Church v. York Depository,
 
 203 S.C. 410, 416, 27 S.E.2d 573, 576 (1943).
 

 Notice of a deed is notice of its entire contents and whatever matters one would have learned upon the inquiry that the instrument made it one’s duty to pursue.
 
 Binkley,
 
 348 S.C. at 71, 558 S.E.2d at 909. Further, “where a deed describes land as is shown as a certain plat, such becomes a part of the deed.”
 
 Carolina Land Co. v. Bland,
 
 265 S.C. 98, 105, 217 S.E.2d 16, 19 (1975). The law imputes to a purchaser of real property notice of the recitals contained in the written
 
 *68
 
 instruments forming the purchaser’s chain of title and charges him with the duty of making such reasonable inquiry and investigation as is suggested by the recitals and references therein contained.
 
 McDonald v. Welbom,
 
 220 S.C. 10, 16, 66 S.E.2d 327, 330 (1951);
 
 LoPresti v. Burry,
 
 364 S.C. 271, 276, 612 S.E.2d 730, 732-33 (Ct.App.2005);
 
 see also S. Ry., Carolina Div. v. Howell,
 
 79 S.C. 281, 286, 60 S.E. 677, 679 (1908) (finding the equivalence of notice in circumstances where one has knowledge of such facts as were sufficient to put one on inquiry, which if pursued with due diligence, would have led to the knowledge of one’s rights).
 

 An easement by grant is not required to be recorded to be valid. Although notice is assumed when a document conveying an interest in real property is recorded, recording is not necessary if the buyer has actual notice. In this case, Watson testified regarding the numerous ways in which he knew about the hallway easement — his deed contained a survey noting the hallway easement and the previous owner had informed him of an ongoing dispute over the hallway. Further, Watson testified that he received a document that granted the easement to the stairway and that he knew an easement only to the stairway itself provided the Friersons with no way of accessing their second story from the stairway. Additionally, Watson’s attorney prepared a title opinion which included the hallway easement and, most importantly, Watson actually received a copy of the unrecorded document granting the hallway easement. Watson, moreover, testified at his deposition that he has been involved in purchasing and developing real estate for at least ten years. As the circuit court noted in its order, “Watson is a sophisticated businessman experienced in real estate.” The unrecorded document clearly granted an easement to the hallway and Watson had the document prior to closing. We therefore hold the circuit court properly granted summary judgment to the Friersons on the basis they had established an easement by grant.
 
 [5]
 
 Accordingly, the order of the circuit court is
 

 AFFIRMED.
 

 BEATTY and WILLIAMS, JJ., concur.
 

 [1]
 

 . We decide this case without oral argument pursuant to Rule 215, SCACR.
 

 [2]
 

 . Virginia Frierson held title to the property when this litigation began. Virginia Frierson subsequently died and her sons, Ed Frierson, IV and Allie S. Frierson, as the personal representatives of her estate, were substituted for her in this action.
 

 [3]
 

 . Watson and his wife, Patricia, are the title holders to the property; however, the Notice of Appeal names Watson as the appealing party.
 

 [4]
 

 . According to the Friersons’ Amended Complaint, the easement they seek is for the use of "28 feet up the stairway and 40 feet down the hallway."
 

 [5]
 

 . Because we affirm the circuit court's award of summary judgment to the Friersons on the basis they established their right to an easement by
 
 *69
 
 grant, we need not address their entitlement to summary judgment on the additional basis that they had established the existence of an easement by prescription.
 
 See Matthews v. Dennis,
 
 365 S.C. 245, 248 n. 2, 616 S.E.2d 437, 439 n. 2 (Ct.App.2005) (noting where the court affirmed the existence of an easement by prescription, it was unnecessary to address whether there was also an easement by necessity);
 
 see also Futch v. McAllister Towing of Georgetown, Inc.,
 
 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal);
 
 Weeks v. McMillan,
 
 291 S.C. 287, 292, 353 S.E.2d 289, 292 (Ct.App.1987) ("Where a decision is based on alternative grounds, either of which independent of the other is sufficient to support it, the decision will not be reversed even if one of the grounds is erroneous.”).