662 S.E.2d 452

**In The Court of Appeals MURRELLS INLET CORPORATION, Respondent,**

v.

**Iva Mae WARD, Appellant.**

**No. 4384.**

Court of Appeals of South Carolina.

Submitted May 1, 2008.

Decided May 2, 2008.

Rehearing Denied June 26, 2008.

William Isaac Diggs, of Myrtle Beach, for Appellant.

Natasha M. Hanna, of Myrtle Beach, for Respondent.

ANDERSON, J.

Iva Mae Ward (Ward) appeals the master-in-equity's order finding Ward created a fifty foot easement by recording a plat depicting the easement and requiring Ward to: (1) refrain from interference with the easement and (2) remove all encroachments from the easement. We affirm.[1]

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTUAL/PROCEDURAL BACKGROUND

Appellant Ward and other heirs inherited a 6.86 acre tract near Stevens Cross Road in Little River, South Carolina. In 1987, Ward became the sole owner of the entire tract. In 1990, Ward divided the land into five lots for the purpose of transferring portions of the property to her children.

When Ward subdivided the property, she granted a fifty foot right-of-way to the lots to allow access from Highway 57, as evidenced in a plat prepared for Ward by C.B. Berry R.L.S. and recorded in the Horry County Register of Deeds. In the pleadings, Ward admitted she provided the fifty foot easement pursuant to the Horry County Zoning and Planning Regulations. However, Ward now claims the surveyor included the road on the plat under the erroneous belief that the regulations required the easement for the creation of a subdivision. Additionally, Ward avers she was unaware the plat included a fifty foot roadway and only intended for the existing driveway to remain as a shared private drive.

Ward owns a house located on Lot A. She has resided and continues to reside at this address since the subdivision of the property. Lot A is the closest lot to the access point for the subdivision off of Highway 57.

After subdividing the property, Ward conveyed Lot 4 to her son Michael, who constructed a house on the property. Lot 4 is located behind the other lots and is the farthest from Highway 57. Access to Lot 4 is provided by a right-of-way running across one side of Ward's property. Michael used this right-of-way for access to his portion of the tract.

In 2003, Michael defaulted on a mortgage on the property and went into foreclosure. In 2005, Respondent Murrells Inlet Corporation (MIC) purchased Lot 4, including the house and any improvements thereon and the accompanying right-of-way. MIC then began using Lot 4 as rental property and presently has tenants residing in the home.

MIC purchased the property with the understanding that there was a fifty foot right-of-way providing access to the lot. The right-of-way is an unpaved dirt road that runs from Highway 57 through the edge of Ward's property, passing alongside each of the lots in the tract, and ending at Lot 4. It

consists of two dirt ruts which allow only a single vehicle at a time to access the lots.

The right-of-way is currently in poor condition. Several encroachments in the right-of-way add to the difficulties inherent in traveling the road in its current state and prevent any improvements to the road from being completed. Because of the road's present condition and the encroachments, the tenants residing at Lot 4 have a hard time getting to and from their home and have expressed concerns that it may be impossible for an emergency vehicle to reach Lot 4. MIC has repeatedly objected to Ward about the obstruction of the right-of-way to no avail.

MIC filed a Petition for an Order to Remove Encroachments and a Rule to Show Cause against Ward and a hearing was held. In issuing the order, the master concluded that Ward granted and dedicated an easement to Lot 4 when the tract was subdivided and Ward was not allowed to interfere with the use of the granted easement.

In the Order to Remove Encroachments, the master noted that Ward and her family placed the following encroachments in the right-of-way: an old truck filled with trash and debris, a rusty water heater, wooden poles, a wooden storage shed, a garden, various scrap metal, mattress springs, lawnmowers, and some other miscellaneous trash and debris. The master found that Ward's misuse of the easement deprives MIC of the concurrent use of the easement for the purposes of ingress and egress to Lot 4.

The master ordered:

[Ward] shall not block the easement or use the easement for any purpose other than as a private driveway. [Ward] shall, within fourteen days, remove those items that are within the fifty-foot right of way which encroaches upon the easement. If [Ward] does not remove those items within the time allowed, [MIC] may remove said items and [Ward] shall pay the cost of the removal. [Ward] shall also pay [MIC] the costs of this action and must pay the pro-rata share of any further improvements to the road.

Following the decision of the master, Ward filed a Motion for Reconsideration. The motion was denied.

## ISSUE

Does a plat recorded when property is subdivided confer an easement to the subsequent grantees of the property to the extent the easement is delineated in the plat?

## STANDARD OF REVIEW

The determination of the existence of an easement is a question of fact in a law action and is subject to the any evidence standard of review when tried by a judge without a jury. *Slear v. Hanna,* 329 S.C. 407, 410, 496 S.E.2d 633, 635 (1998); *Goodwin v. Johnson,* 357 S.C. 49, 52, 591 S.E.2d 34, 35–36 (Ct.App.2003); *Pittman v. Lowther,* 355 S.C. 536, 540, 586 S.E.2d 149, 151 (Ct.App.2003); *Revis v. Barrett,* 321 S.C. 206, 208, 467 S.E.2d 460, 462 (Ct.App.1996); *Smith v. Commissioners of Pub. Works,* 312 S.C. 460, 465, 441 S.E.2d 331, 334 (Ct.App.1994); *see also Jowers v. Hornsby,* 292 S.C. 549, 551, 357 S.E.2d 710, 711 (1987) ("The decision of the trier of fact as to whether or not an easement exists will be reviewed by this Court as an action at law."). In an action at law tried without a jury, the judge's findings of fact will not be disturbed on appeal unless there is no evidentiary support for the judge's findings. *Townes Assocs., Ltd. v. City of Greenville,* 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).

While the determination of the existence of an easement is a question of fact in a law action, the question of the extent of an easement is an action in equity. *Tupper v. Dorchester County,* 326 S.C. 318, 323, 487 S.E.2d 187, 190 (1997); *Plott v. Justin Enters.,* 374 S.C. 504, 510, 649 S.E.2d 92, 95 (Ct.App.2007); *Lighthouse Tennis Club Village Horizontal Prop. Regime LXVI v. South Island Pub. Serv. Dist.,* 355 S.C. 529, 532, 586 S.E.2d 146, 147 (Ct.App.2003); *Eldridge v. City of Greenwood,* 331 S.C. 398, 416, 503 S.E.2d 191, 200 (Ct.App.1998); *Smith,* 312 S.C. at 465, 441 S.E.2d at 334. "[In] an action in equity referred to a master for final judgment, we may find facts in accordance with our own view of the preponderance of the evidence." *Van Blarcum v. North Myrtle Beach,* 337 S.C. 446, 450, 523 S.E.2d 486, 488 (Ct.App. 1999); *accord Stackhouse v. Cook,* 271 S.C. 518, 521, 248 S.E.2d 482, 484 (1978); *Settlemeyer v. McCluney,* 359 S.C. 317, 320, 596 S.E.2d 514, 516 (Ct.App.2004); *Thomas v. Mitch-*

*ell,* 287 S.C. 35, 37–38, 336 S.E.2d 154, 155 (Ct.App.1985); *see also Tupper,* 326 S.C. at 323, 487 S.E.2d at 190 (finding since it is an action in equity, the Court may take its own view of the evidence); *Binkley v. Rabon Creek Watershed Conservation Dist.,* 348 S.C. 58, 67, 558 S.E.2d 902, 907 (Ct.App.2001) ("The scope of an easement is an equitable matter in which a reviewing court may take its own view of a preponderance of the evidence."). "Our broad scope of review, however, does not require this Court to disregard the findings of the trial judge who saw and heard the witnesses and was in a better position to judge their credibility." *Plott,* 374 S.C. at 510–511, 649 S.E.2d at 95; *accord Thomas,* 287 S.C. at 38, 336 S.E.2d at 155.

### *LAW/ANALYSIS*

Ward contends the master-in-equity erred by recognizing a fifty foot easement across Ward's property and requiring her to refrain from interference or encroachment on the easement. We disagree.

" 'An easement is a right which one person has to use the land of another for a specific purpose.' " *Frierson v. Watson,* 371 S.C. 60, 67, 636 S.E.2d 872, 875 (Ct.App.2006) (quoting *Steele v. Williams,* 204 S.C. 124, 132, 28 S.E.2d 644, 647 (1944)); *accord Forest Land Co. v. Black,* 216 S.C. 255, 261, 57 S.E.2d 420, 423 (1950); *Smith,* 312 S.C. at 465, 441 S.E.2d at 335. " 'A reservation of an easement in a deed by which lands are conveyed is equivalent, for the purpose of the creation of the easement, to an express grant of the easement by the grantee of the lands.' " *Frierson,* 371 S.C. at 67, 636 S.E.2d at 875 (quoting *Sandy Island Corp. v. Ragsdale,* 246 S.C. 414, 419, 143 S.E.2d 803, 806 (1965)); *accord Douglas v. Medical Investors, Inc.,* 256 S.C. 440, 445, 182 S.E.2d 720, 722 (1971). "[W]here a deed describes land as is shown as a certain plat, such becomes a part of the deed." *Carolina Land Co., Inc. v. Bland,* 265 S.C. 98, 105, 217 S.E.2d 16, 19 (1975); *accord Lynch v. Lynch,* 236 S.C. 612, 623, 115 S.E.2d 301, 307 (1960); *Frierson,* 371 S.C. at 67, 636 S.E.2d at 876. "Both deeds and easements are valid to subsequent purchasers without notice when they are recorded." *Frierson,* 371 S.C. at 67, 636 S.E.2d at 876 (citing S.C.Code Ann. § 30–7–10

(Supp.2005)). "The purpose of the recording statute is to protect a subsequent buyer without notice." *Frierson,* 371 S.C. at 67, 636 S.E.2d at 876 (emphasis omitted) (citing *Burnett v. Holliday Bros.,* 279 S.C. 222, 225, 305 S.E.2d 238, 240 (1983)).

"Where land is subdivided, platted into lots, and sold by reference to the plats, the buyers acquire a special property right in the roads shown on the plat. If the deed references the plat, the grantee acquires a private easement for the use of all streets on the map." *Davis v. Epting,* 317 S.C. 315, 318, 454 S.E.2d 325, 327 (Ct.App.1994); *accord Carolina Land,* 265 S.C. at 105, 217 S.E.2d at 19; *Blue Ridge Realty Co. v. Williamson,* 247 S.C. 112, 118, 145 S.E.2d 922, 925 (1965); *Corbin v. Cherokee Realty Co.,* 229 S.C. 16, 25, 91 S.E.2d 542, 546 (1956); *Newton v. Batson,* 223 S.C. 545, 549–550, 77 S.E.2d 212, 213 (1953); *Outlaw v. Moise,* 222 S.C. 24, 30, 71 S.E.2d 509, 511 (1952); *Cason v. Gibson,* 217 S.C. 500, 508–509, 61 S.E.2d 58, 61 (1950); *Billings v. McDaniel,* 217 S.C. 261, 265, 60 S.E.2d 592, 593–594 (1950); *Van Blarcum,* 337 S.C. at 451, 523 S.E.2d at 488; *Giles v. Parker,* 304 S.C. 69, 73, 403 S.E.2d 130, 132 (Ct.App.1991). The easement referenced in the plat is dedicated to the use of the owners of the lots, their successors in title, and to the public in general. *Carolina Land,* 265 S.C. at 105, 217 S.E.2d at 19; *Blue Ridge,* 247 S.C. at 118, 145 S.E.2d at 925. As to the grantor, who conveyed the property with reference to the plat, and the grantee and his successors, the dedication of the easement is complete at the time the conveyance is made. *Newington Plantation Ests. Assns. v. Newington Plantation Ests.,* 318 S.C. 362, 365, 458 S.E.2d 36, 38 (1995); *Immanuel Baptist Church of North Augusta v. Barnes,* 274 S.C. 125, 130–131, 264 S.E.2d 142, 145 (1980); *Carolina Land,* 265 S.C. at 105, 217 S.E.2d at 19; *Outlaw,* 222 S.C. at 30, 71 S.E.2d at 511; *Pittman,* 355 S.C. at 542, 586 S.E.2d at 152.

The grantee receives a private easement at the time of conveyance in any streets referenced in the plat. *Carolina Land,* 265 S.C. at 105–106, 217 S.E.2d at 19; *Blue Ridge,* 247 S.C. at 119, 145 S.E.2d at 925; *Giles,* 304 S.C. at 73, 403 S.E.2d at 132.; *see Newington Plantation,* 318 S.C. at 365, 458 S.E.2d at 38 ("While dedication for public use is

significant to the creation of a public easement, it is irrelevant to the determination whether a private easement exists."). " '[W]here lands are platted and sales are made with reference to the plat, the acts of the owner in themselves merely create private rights in the grantees entitling the grantees to the use of the streets and ways laid down on the plat or referred to in the conveyance.' " *Vick v. S.C. Dep't of Transp.*, 347 S.C. 470, 478, 556 S.E.2d 693, 697 (Ct.App.2001) (quoting *Outlaw*, 222 S.C. at 31, 71 S.E.2d at 512). "Absent evidence of the seller's intent to the contrary, a conveyance of land that references a map depicting streets conveys to the purchaser, as a matter of law, a private easement by implication with respect to those streets, whether or not there is a dedication to public use." *Newington Plantation*, 318 S.C. at 365, 458 S.E.2d at 38. Recordation of a plat containing an easement may be sufficient to show that the owner intended to dedicate that easement. *Van Blarcum*, 337 S.C. at 450, 523 S.E.2d at 488 (citing *McAllister v. Smiley*, 301 S.C. 10, 15, 389 S.E.2d 857, 861 (1990) (Toal, J., dissenting)).

Recently, in an excellent academic writing, our Supreme Court explicated the law of implied easements in *Inlet Harbour v. S.C. Dep't of Parks, Recreation and Tourism*, Op. No. 26459, 377 S.C. 86, 659 S.E.2d 151 (2008) (Shearouse Adv. Sh. No. 11 at 15, 20–21):

> The creation of an implied easement generally requires that the facts and circumstances surrounding the convey-ance, the property, the parties, or some other characteristic demonstrate that the objective intention of the parties was to create an easement. 25 Am.Jur.2d *Easements and Li-censes* § 19 (2004); 28A C.J.S. § 62. Courts have, over time, developed various presumptions regarding the cre-ation of implied easements in certain circumstances. One such presumption arises when an owner subdivides his land and has the land platted into lots and streets. This Court has recognized the general rule that when an owner conveys subdivided lots and references the plat in the deed, the owner grants the lot owners an easement over the streets appearing in the plat. *See, e.g., Blue Ridge Realty Co.*, 247 S.C. at 118, 145 S.E.2d at 924–925.

> . . .

As a starting point, we note that the intentions of the parties to the transaction are the overriding focus when examining implied easements. *McAllister v. Smiley,* 301 S.C. 10, 16, 389 S.E.2d 857, 862 (1990) (Toal, J. dissenting); 28A C.J.S. §§ 82, 149; 17A Am.Jur. §§ 40, 116; 25 Am. Jur.2d. § 19. Thus, the Department over-reads *Blue Ridge* considerably in suggesting that the case stands for the proposition that an easement created by reference to a plat is presumptively an easement of a particular scope. The rule applied in *Blue Ridge* is nothing more than a presumption that when a grantor conveys property with reference to a plat showing streets or other ways of passage, the grantor intends to allow the grantee the use of the delineated streets and ways of passage. *McAllister,* 301 S.C. at 11–12, 389 S.E.2d at 858. The case *Cason v. Gibson,* 217 S.C. 500, 61 S.E.2d 58 (1950), explained the policy underlying this presumption in terms of estoppel. In that case, this Court explained that when a grantor conveys land abutting a street, he is estopped from denying the street's existence and the right of the grantee to its use. *Id.* at 507, 61 S.E.2d at 61. This approach is reasonable, and it is also reasonable that when an owner conveys property that has been subdivided for residential purposes, the grantor presumably intends for grantees to have access to the abutting subdivision streets for normal residential purposes. But the property at issue here is not subdivided residential property and abuts no road. This demonstrates the problems that might occur if we were to apply a rigid presumption based solely upon particular geography or land division. Our guidepost must be what the parties intended, and the best evidence of the parties' intentions are the facts and circumstances surrounding the conveyance.

 The existence of an easement is *NOT* an issue in this case. Only, the extent and scope of the easement is contested. Because we are proceeding in equity, we may find facts in accordance with our own view of the preponderance of the evidence.

The evidentiary record is imbued with intransigence and arrogance on the part of Ward. Her belated activity in emasculating the easement by placing encroachments in the right-of-way is both unappealing and unavailing. The factual find-

ing by the master in regards to Ward's misuse of the easement is supported by the testimony. To allow Ward's intent to override the original grant of a fifty foot easement would result in a travesty of justice. Her demonstrated intent to eliminate a reasonable easement belies common sense.

In the instant case, when Ward subdivided the property and recorded a plat referencing a fifty foot right-of-way, it may be inferred that she intended the right-of-way to be a private easement dedicated to the use of the lot owners, their successors in title, and the public. The deed and the recorded plat in this case are controlling notwithstanding an "intent" analysis. By recording the easement on the plat, Ward evidenced an intention to grant that easement to any future lot owners in the subdivision. When Ward originally conveyed Lot 4 with reference to the recorded plat, her grantees and any subsequent purchasers acquired the right to use this easement to the full extent that it is indicated in the plat. MIC relied upon the recorded plat when it purchased Lot 4. The dedication of the private easement was complete when Ward originally conveyed the lot. It would now be unfair to deny MIC the right to the full use and enjoyment of the easement as indicated in the plat, regardless of what Ward now argues were her intentions at the time the plat was recorded. Subsequent purchasers are entitled to rely on recorded deeds and plats to determine their rights in respect to property.

## CONCLUSION

Juxtaposing the *Blue Ridge* rule, the holding in *Inlet Harbour*, and the parties' intentions, we come to the ineluctable conclusion that MIC is entitled to use of the fifty foot easement in order to access Lot 4 and this right-of-way should not be encroached upon or obstructed. ACCORDINGLY, the order of the master is

**AFFIRMED.**

HUFF and KITTREDGE, JJ., concur.