THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Kimber R.
 Fowler a/k/a Kimberly R. Fowler, Appellant,
 v.
 Claudius Eugene
 Fowler, Respondent.
 
 
 

Appeal From Horry County
 J. Stanton Cross, Jr., Master-in-Equity
Unpublished Opinion No. 2009-UP-096
Submitted November 1, 2008  Filed
 February 23, 2009
REVERSED

 
 
 
 Kimber Fowler, of Loris, for Appellant.
 Claudus Eugene Fowler, of Loris, for Respondent.
 
 
 

PER CURIAM: Kimber
 Fowler (Appellant) planted Bradford pear trees along an easement Claudus E. Fowler
 (Respondent) claimed across Appellants land.  When Respondent cut limbs from
 those trees, Appellant filed an action for trespass and property damage.  She
 now appeals from the master-in-equitys order finding Respondent had an
 easement across Appellants land.  We reverse.[1]
FACTS
I.  Land Conveyances
On
 September 29, 1981, Respondent acquired 3.72 acres of land through a civil suit
 for partition of his fathers estate.  The estates real property was surveyed
 and platted on November 9, 1981.  No easement appeared either in Respondents
 title or on that plat.  
On
 June 17, 1999, Respondents land was surveyed and platted in preparation for
 conveyances Respondent intended to make to his children.  The plat prepared at
 this time (the Inman Plat) reflects an existing soil drive within a
 twenty-five-foot private easement across the north side of the parcel.  On
 August 6, 1999, Respondent and his wife conveyed the easternmost 0.99 acres of
 their land to their son and Appellant, their daughter-in-law.  Respondent and
 his wife reserved a life estate in the conveyed land.  On June 28, 2000, they
 released this right and conveyed their remaining interest in the land to their
 son and Appellant.  Although the title references the Inman Plat, neither the
 title nor the release document indicates an easement.   
Respondents
 son and Appellant divorced in January 2005.  On April 20, 2005, Appellant
 received title to the 0.99 acres solely in her name pursuant to the divorce
 decree.  The title document executed by Respondents son references the Inman
 Plat but does not indicate an easement.    
On
 April 18, 2006, the land was surveyed again at Respondents request.  The plat
 prepared following this survey reflects a private access easement identified
 as Dolly Lane across the north side of Appellants land and references the
 prior plat.  Furthermore, this plat appears to indicate a proposed driveway and
 cul-de-sac extending from Dolly Lane across half of Respondents property. 
 Both the 1981 and 2006 plats show a county road either touching or defining a
 portion of the western boundary of Respondents property.[2] 
   
II.  Background and
 Procedural History
In
 August 2000, Appellant planted eight Bradford pear trees approximately six feet
 from the existing soil drive shown on the Inman Plat.  On April 5, 2005,
 Respondent and his grandson destroyed one of those trees.  Appellant filed
 criminal charges against them but later withdrew those charges in an effort to
 make peace with the family.  On February 8, 2007, Respondent and his grandson
 used a chainsaw to cut branches from the remaining Bradford pear trees, leaving
 marks across the trunks of several of those trees.  Subsequently, Appellant
 posted no trespassing signs on and near the trees.  When Respondent removed
 them, Appellant again filed criminal charges against him and a civil suit for
 trespass and malicious damage to her property.  
Appellants
 civil suit was referred to the master, who ruled in favor of Respondent and
 found Respondent had by dedication a private easement . . . for travel
 purposes of ingress and egress across Appellants land.  This appeal
 followed.  
LAW/ANALYSIS
I.  Easement by
 Dedication
Appellant
 asserts the master erred in finding Respondent possessed an easement by
 dedication across her land.  We agree.
The determination
 of the existence of an easement is a question of fact in a
 law action and subject to an any evidence standard of review when tried by a
 judge without a jury.  Hardy v. Aiken, 369 S.C. 160, 165, 631
 S.E.2d 539, 541 (2006).  
The master
 erred in concluding Respondent possessed an easement by dedication.  South Carolina law presumes a buyer of a lot in subdivided property has a dedicated property
 right in any easements or roads shown on the plat.  Inlet Harbour v. S.C.
 Dept of Parks, Recreation & Tourism, 377 S.C. 86, 92, 659 S.E.2d 151,
 154 (2008); see also Murrells Inlet Corp. v. Ward, 378 S.C. 225,
 233, 662 S.E.2d 452, 455-56 (Ct. App. 2008).  While an easement by dedication
 may be described in a plat prepared prior to conveyance of subdivided property,
 no easement legally exists until the seller conveys ownership of a part of that
 property to a buyer.  Inlet Harbour, 377 S.C. at 92, 659 S.E.2d at
 154.  To create this implied easement, the deed must reference the plat.  Id.  Once created, the easement benefits the buyer.  Id.; see also Murrells
 Inlet Corp., 378 S.C. at 233, 662 S.E.2d at 455-56; McAllister v. Smiley,
 301 S.C. 10, 12, 389 S.E.2d 857, 859 (1990).[3]  
Here,
 Respondent prepared a plat describing the way he intended to subdivide his
 property into three lots, two of which were to go to his children.  He ultimately
 conveyed ownership of only one lot and now claims an easement by dedication
 across it.  However, because an easement by dedication benefits the buyer, this
 presumption is unavailable to Respondent, the seller.  Consequently, Respondent
 does not possess an easement by dedication across Appellants land.  
II.  Other
 Issues
Appellant
 additionally asserts the master erred in violating her due process rights and
 in failing to rule on her motions for summary judgment.  Due to our disposition
 of Appellants first issue, we need not address the remaining issues on appeal. See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598,
 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a
 prior issue is dispositive of the appeal). 
CONCLUSION
As
 to the issue of Respondents easement, we find Respondent does not have an
 easement by dedication across Appellants land.  Therefore, we reverse the masters
 order on this issue.  
Accordingly,
 the masters order is 
REVERSED.
HEARN, C.J., KONDUROS, J., and GOOLSBY, A.J., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] The western end of Respondents property does not
 appear on the Inman Plat.  
[3] Our supreme court explored the policies underlying implied
 public and private easements by dedication in Cason v. Gibson, 217 S.C.
 500, 61 S.E.2d 58 (1950).