**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Maria Hernandez, Respondent,

v.

Mary V. Fields, Dora Bennett, Shaakira Saffir a/k/a Shaakira Saffir Nia Rashad f/k/a Audrey I. Knight, Defendants,

Of whom Mary V. Fields and Dora Bennett are Respondents and Shaakira Saffir is the Appellant.

Appellate Case No. 2020-001301

———————————

Appeal From Jasper County
R. Thayer Rivers, Jr., Special Referee

———————————

Unpublished Opinion No. 2023-UP-033
Submitted January 1, 2023 – Filed February 1, 2023

———————————

**AFFIRMED**

———————————

Mary-Patricia Crawford, of Walterboro, for Appellant.

Andrew Bryant Walker and Kevin Desmond Maroney, both of Rogers Lewis Jackson Mann & Quinn, LLC, of Columbia, for Respondent Maria Hernandez.

Mary V. Fields, of Hardeeville, pro se.

Dora Bennett, of Hardeeville, pro se.

---

**PER CURIAM:** Shaakira Saffir appeals the special referee's order granting summary judgment in favor of Maria Hernandez and finding Hernandez held a private easement as shown on a recorded plat of the Hattie Bennett Subdivision (the Plat). On appeal, she argues disputed issues of fact exist as to whether (1) the grantor intended to convey the right to an easement; (2) the reference to the Plat in deeds was for descriptive purposes and did not create an easement; and (3) the easement was destroyed by adverse possession. We affirm.

1. We hold the special referee did not err in granting Hernandez summary judgment. *See David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 247, 626 S.E.2d 1, 3 (2006) ("When reviewing an order granting summary judgment, the appellate court applies the same standard as the trial court."); *id.* ("Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); *id.* ("In determining whether any triable issues of fact exist, the court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the non-moving party."). Hattie Bennett subdivided the property at issue and subsequently recorded the Plat, which showed a 50-foot easement providing access to Macedonia Road; the Plat was referenced in Hernandez's deed. *See Gooldy v. Storage Ctr.-Platt Springs, LLC*, 422 S.C. 332, 338, 811 S.E.2d 779, 782 (2018) ("Generally, when a deed references a plat that contains an easement, . . . a presumption of an implied easement arises unless rebutted by a specific, contrary intention by the grantor."); *Murrells Inlet Corp. v. Ward*, 378 S.C. 225, 233, 662 S.E.2d 452, 455-56 (Ct. App. 2008) ("Where land is subdivided, platted into lots, and sold by reference to the plats, the buyers acquire . . . a private easement for the use of all streets on the [plat]." (quoting *Davis v. Epting*, 317 S.C. 315, 318, 454 S.E.2d 325, 327 (Ct. App. 1994)); *id.* at 236, 662 S.E.2d at 457 (holding the dedication of the private easement was complete when the grantor originally conveyed a lot by a deed that referenced a plat showing the easement, and explaining that "[i]t would now be unfair to deny [the subsequent grantee] the right to the full use and enjoyment of the easement as indicated in the plat"). Saffir failed to present specific facts showing Hattie Bennett did not intend to create an easement. *See Schmidt v. Courtney*, 357 S.C. 310, 317, 592 S.E.2d 326, 330 (Ct. App. 2003) ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the

pleadings."); *id.* (requiring the non-moving party to "come forward with specific facts showing there is a genuine issue for trial"). Moreover, Saffir's assertions that the road was unpaved and Jasper County was not involved in its construction did not defeat Hernandez's claim for an easement. *See Ward*, 378 S.C. at 229-30, 236, 662 S.E.2d at 454, 457 (holding an implied easement existed for a right-of-way shown on a plat even though the right-of-way was unpaved and in poor condition); *Newington Plantation Ests. Ass'n v. Newington Plantation Ests.*, 318 S.C. 362, 365, 458 S.E.2d 36, 38 (1995) ("Absent evidence of the seller's intent to the contrary, a conveyance of land that references a map depicting streets conveys to the purchaser, as a matter of law, a private easement by implication with respect to those streets, whether or not there is a dedication to public use.").

2. We find Appellants' remaining issues were not preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.