18439

BLUE RIDGE REALTY COMPANY, Inc., and Clark L. Evans, Jr., Appellants, v. Wendell McGregory Steacy WILLIAMSON and Enola Kathryn Williamson, Respondents.

(145 S. E. (2d) 922)

*H. F. Partee, Esq.,* of Greenville, *for Appellants,*

*Messrs. Haynsworth, Perry, Bryant, Marion & John-stone,* of Greenville, *for Respondents,*

December 15, 1965.

Moss, Justice.

Blue Ridge Realty Co., Inc., an appellant herein, was the owner of a tract of land in Greenville County. This tract of land was subdivided and lots and streets were designated and mapped, and the plat thereof was recorded in the R. M. C. Office for Greenville County, on March 9, 1959, in Plat

Book QQ, at page 44. The subdivision was known as "Section One, Fenwick Heights". According to the recorded plat, Lots Nos. 10-18, inclusive, of this subdivision, abut on a street or road known as Gippy Court. This street or road is 50 feet wide and approximately 450 feet long and dead ends into a turn-around circle, which has a radius of 50 feet. Lots Nos. 12, 13, 14 and 15 abut on the turn-around circle of Gippy Court.

The aforesaid appellant, on March 14, 1959, conveyed all of the streets shown on the aforesaid plat, including Gippy Court, to Greenville County, and this deed was recorded in Deed Book 629, at page 152. The aforesaid deed is in general warranty fee simple form and it was specifically recited in said deed that the property conveyed consisted of streets in the aforesaid subdivision.

It appears that on December 29, 1959, the appellant conveyed to Wendell McGregory Steacy Williamson Lots Nos. 13 and 14 of said subdivision, which said deed is of record in the R. M. C. Office for Greenville County, in Deed Book 644, at page 172, and on January 10, 1961, the appellant conveyed to Wendell McGregory Steacy Williamson and Enola Kathryn Williamson, the respondents herein, Lot No. 15 of said subdivision, which deed is of record in the R. M. C. Office for Greenville County, in Deed Book 666, at page 286. All three of said lots were described by reference to and as shown on the aforesaid recorded plat. It further appears that on September 11, 1961, that Greenville County conveyed to Wendell McGregory Steacy Williamson, said deed being of record in Deed Book 682, at page 87, R. M. C. Office for Greenville County, the circular or turn-around portion of Gippy Court beginning at an iron pin on the western side of Gippy Court at the joint front corner of Lots Nos. 12 and 13, and running to an iron pin at the joint front corner of Lots Nos. 15 and 16. During the spring of 1962, the respondents constructed a concrete veil block wall along the western property line as set forth in the aforesaid deed from

Greenville County, thereby preventing traffic on Gippy Court from using the turn-around circle.

Blue Ridge Realty Co., Inc., alleging that it was the owner of Lots Nos. 11, 12 and 17 abutting on Gippy Court, commenced this action asserting that the respondents owned no part of the circular or turn-around portion of Gippy Court and that they have obstructed same by building the wall above referred to without any right or authority so to do. The aforesaid appellant seeks an order to require the respondents to remove the fence so constructed and that they be enjoined from obstructing or encroaching upon the said Gippy Court.

The respondents, by their answer, denied that the wall in question was an unlawful obstruction and alleged affirmatively that they own the property in question by virtue of the deed to them from Greenville County.

It is admitted that on April 24, 1964, subsequent to the bringing of this action, that Clark L. Evans, Jr. purchased Lot No. 16 on Gippy Court which adjoins Lot No. 15 of the respondents, as shown on the aforesaid plat, from M. L. Lanford, Jr. and William F. Lanford, who were successors in title to Blue Ridge Realty Co., Inc. Clark L. Evans, Jr. was, by consent, allowed to join in this action in the lower Court as an additional plaintiff and is now an appellant herein.

This case was tried before the Honorable James H. Price, Jr., Judge of the Greenville County Court, without a jury. Testimony was taken and a number of exhibits were offered in evidence. The Trial Judge, by his order, held that the respondents had such title as they would acquire in a public road were the same abondoned or vacated and that there were no other parties having rights or interests in this portion of the road. Specifically, he held that the respondents, under the deed from Greenville County, acquired title to that portion of Gippy Court on which their lots abutted. He did hold, however, that the property covered by the deed from

Greenville County to the respondents was in excess of the property on which their lots abutted and it was decreed that a new line be established and the respondents required to give up the excess property beyond such line. The respondents were ordered to remove the existing wall or fence but were allowed to reconstruct a new one upon that part of the turn-around portion of Gippy Court as was indicated on a plat attached to the aforesaid order. All parties to this action gave timely notice of intention to appeal to this Court.

It is the position of the appellants that the owners of lots in a subdivision have an easement in all the streets shown on the plat thereof, independent of their rights therein as members of the public, which survives abandonment of such streets by the county which held title to them.

We have held that where a deed describes land as is shown on a certain plat, such plat becomes a part of the deed. *Lynch v. Lynch,* 236 S. C. 612, 115 S. E. (2d) 301. It is generally held that when the owner of land has it subdivided and platted into lots and streets and sells and conveys the lots with reference to the plat, he thereby dedicates said streets to the use of such lot owners, their successors in title, and the public. *Outlaw v. Moise,* 222 S. C. 24, 71 S. E. (2d) 509; *Cason v. Gibson,* 217 S. C. 500, 61 S. E. (2d) 58; *Billings v. McDaniel,* 217 S. C. 261, 60 S. E. (2d) 592; *Newton v. Batson,* 223 S. C. 545, 77 S. E. (2d) 212; *Corbin v. Cherokee Realty Co.,* 229 S. C. 16, 91 S. E. (2d) 542.

We quote the following from the *Outlaw* case:

"It is generally held that where land is divided into lots according to a plat thereof, showing streets, and lots are sold and conveyed with reference to said plat, the owner thereby dericates the street to the public. Ordinarily there must be an express or implied acceptance before the dedication is complete, 16 Am. Jur., Dedication, Section 31, and such acceptance must be made within a reasonable time. *Chafee v. City of Aiken,* 57 S. C. 507, 35 S. E. 800.

However, 'as between the owner, who has conveyed lots according to a plat, and his grantee or grantees, the dedication is complete when the conveyance is made, even though the street is not accepted by the public authorities.' 16 Am. Jur., Dedication, Section 31. In the recent case of *Cason v. Gibson*, 217 S. C. 500, 61 S. E. (2d) 58, the court held, quoting syllabus: 'Where plaintiff purchased a corner lot with reference to recorded subdivision map which showed lot to front on certain street and thereafter defendants separately purchased lots which contained a portion of street which bounded plaintiff's lot, plaintiff had such a special property interest in street as to entitle him to maintain suit for preservation of street even though dedication had never been accepted by municipal authorities.' "

In the *Corbin* case, it appears that the appellants who owned several lots bordering on Langston Avenue, a street in a subdivision known as Florenza Heights in the City of Florence, and who claimed title to a portion of said street by adverse possession, brought the action to enjoin the respondents from entering upon his property for the purpose of constructing or opening said avenue. The appeal was from an order refusing an injunction and dismissing the action. This Court, in affirming the judgment below, said:

"The Florenza Company by subdividing and platting this property into lots and streets and selling and conveying lots with reference to the plat, thereby manifested an intent to dedicate said streets to the use of the public, and is estopped to deny the rights of such purchasers and those claiming under them, to an easement in all the streets represented and as represented on the plat. * * * Such purchasers acquired every easement, privilege and advantage which the plat represented as belonging to them. The Florenza Company could not without the consent of appellant change the location or width of Langston Avenue."

The purchasers of lots with reference to the plat of this subdivision acquired every easement, privilege and advantage shown upon said plat, including the

right to the use of all of the streets, near or remote, as laid down on the plat by which the lots were purchased. It was so held in the case of *Billings v. McDaniel,* 217 S. C. 261, 60 S. E. (2d) 592. We quote therefrom the following:

"[A]ccording to the great weight of judicial opinion, the lot purchaser is entitled to the use of all the streets and ways, near or remote, as laid down on the plat by which he purchases."

The respondents here purchased their lots as delineated on the plat of the Fenwick Heights subdivision and they were bound by the easement created by this plat.

It is the position of the respondents that the deed from Blue Ridge Realty Co., Inc., to Greenville County conveyed a fee simple title to the street known as Gippy Court and not merely an easement for road purposes. It is argued that the description contained in the said deed did not attempt to provide that Gippy Corrt should be used for road purposes but merely referred to it as a street as a method of description. We cannot agree with this contention.

Greenville County follows the statutory provisions set forth in Section 33-1679 of the Code in the acceptance of deeds for road purposes. It is admitted that this procedure was followed in this case. Therefore, when Greenville County accepted a deed to Gippy Court, pursuant to the provisions of Section 33-1679 of the Code, it was for "road purposes", and the term "road", as defined in Section 33-1 of the Code, denotes a public way for the purpose of vehicular travel, including the entire area within the right of way. Even though Greenville County received a conveyance to Gippy Court by a deed in fee simple form, it was bound, just as any other purchaser, by the easement created and shown on the plat of the Fenwick Heights subdivision. We conclude that the acceptance of a deed by Greenville County from Blue Ridge Realty Co., Inc., was an express acceptance of the dedication of Gippy Court for road purposes.

The lower Court held in effect that the County of Greenville had abandoned the portion of Gippy Court that was described in its deed to the respondents and they acquired the abandoned portion of said road free of any easements in favor of other lot owners. If we concede that under Section 33-801 of the Code, that the supervisor and governing body of Greenville County were authorized to abandon a portion of Gippy Court, it had no right to deed away the abandoned portion of the dedicated road to the prejudice of other lot owners. Where lots in a subdivision are sold by reference to a map or plat upon which roads are shown which are or become public highways, the private easement which arises upon such a sale survives the vacation, abandonment, or closing of the road or highway by the public. It was so held in the case of *Cason v. Gibson,* 217 S. C. 500, 61 S. E. (2d) 58. We quote therefrom the following:

"There is an annotation of value in L. R. A., 1917A, page 1123, which demonstrates by the cited authorities that the private easement of the lot purchaser in such platted streets, etc., is distinct from and will survive the destruction of the public easement. It is also said upon the authority of numerous cited cases in the note in 150 A. L. R. at p. 652, applicable to a case of dedication by plat accompanying conveyance, as here, subsequent acceptance and afterward abandonment or vacation by the public, as follows: 'Where lots in a subdivision are sold by reference to a map or plat upon which ways are shown which are or become public streets or highways, the private easement which arises upon such a sale survives the vacation, abandonment, or closing of the street or highway by the public.' "

It is our conclusion that the appellants here, as owners of lots in the Fenwick Heights subdivision, have a private easement which survives the vacation, abandonment, or closing of a portion of Gippy Court by the public authorities, independent of their right therein as a member of the public. It was also held in the aforesaid cited case that where persons who own lots fronting on or adjacent

to property dedicated as public streets or highways have such special property interests as entitle them to maintain a suit for the enforcement and preservation of the use of the property as such. *Newton v. Batson,* 223 S. C. 545, 77 S. E. (2d) 212.

In *Blair v. Astin,* Tex. Civ. App., 10 S. W. (2d) 1054, it was held that persons acquiring lots of land according to a map showing a street thereon are entitled to enjoin other landowners, who also purchased according to such map, from closing a portion of such street on the vacation thereof, since they have a special property right or easement in the street, although not abutting on the portion closed and although they have ample means of ingress and egress notwithstanding the closing.

The final question for determination is whether the appellants are estopped by their conduct from asserting their easement. The burden of proof is upon the party who asserts an estoppel. *Davis v. Sellers,* 229 S. C. 81, 91 S. E. (2d) 885.

The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially. *Macaulay v. Howard,* 230 S. C. 140, 94 S. E. (2d) 393.

In *Hubbard v. Beverly,* 197 S. C. 476, 15 S. E. (2d) 740, 135 A. L. R. 1206, we held that the doctrine of estoppel

applies if a person, by his actions, conduct, words or silence which amounts to a representation, or a concealment of material facts, causes another to alter his position to his prejudice or injury. In *Ott v. Ott,* 182 S. C. 135, 188 S. E. 789, it was held that an equitable estoppel cannot arise except when justice to the rights of others demands it. It was never intended to work a positive gain to a party.

The respondents here offered no testimony. There is a total lack of any testimony to the effect that they relied on any representations, acts, nonacts or silence of the appellants or were misled in any way to change their position to their prejudice. There is no evidence to support a finding that there was lack on the part of the respondents of knowledge and means of knowledge of the truth as to the facts and circumstances upon which their claim of estoppel is predicated. There is no testimony that the respondents constructed the wall or fence in reliance upon the deed from Greenville County. It should be remembered that the respondents purchased their lots as such were described upon the recorded plat of the Fenwick Heights subdivision and they were bound by such plat. The facts in this record are insufficient to create an estoppel. The Trial Judge was in error in not so holding.

The appellants are entitled to the relief demanded in their complaint. The judgment of the lower Court is reversed and this case remanded thereto for the issuance of an order requiring the respondents to remove the obstruction from Gippy Court and to enjoin them from obstructing or encroaching upon the said Gippy Court.

Reversed and remanded.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.