# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

David R. Gooldy, Petitioner,

v.

The Storage Center-Platt Springs, LLC, Respondent.

Appellate Case No. 2016-000588

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Lexington County
James O. Spence, Master-in-Equity

---

Opinion No. 27782
Heard November 14, 2017 – Filed March 14, 2018

---

## REVERSED

---

James Randall Davis, of Davis Frawley Anderson
McCauley Ayer Fisher & Smith, LLC, of Lexington, for
Petitioner.

Bess Jones DuRant and Robert E. Stepp, both of Sowell
Gray Robinson Stepp & Laffitte, LLC, of Columbia, for
Respondent.

---

**JUSTICE HEARN:** In this case we decide whether Petitioner David Gooldy is entitled to an implied easement where his deed incorporated by reference a plat that

indicated a road, marked "50' Road," bordered the adjoining property owned by Respondent Storage Center-Platt Springs, LLC (Storage Center). The master-in-equity held Gooldy was entitled to the presumption of an implied easement, which the Storage Center failed to rebut, but the court of appeals reversed, holding the presumption did not apply and that no evidence supported the master's order. We now reverse and reinstate the master's order.

## FACTUAL BACKGROUND

Gooldy owns a 0.68 acre parcel of land that fronts S.C. Highway 6 in Lexington County. The adjoining 7.35 acre lot, owned by the Storage Center, borders Gooldy's property on three sides in the shape of a horseshoe. Gooldy's deed referenced a plat prepared for James Loflin, Gooldy's predecessor in title. That plat (Loflin Plat) included the inscription "50' Road" along the southern boundary of Gooldy's property. There is no dispute the Loflin Plat is within the Storage Center's chain of title. After Gooldy acquired the property in 2002, he used the road[1] to access the property and to allow customers of his chiropractor business to do so. The Storage Center purchased its parcel five years later, and thereafter, its representatives informed Gooldy that he could no longer use the road.

Although the parties acquired their respective properties in the early 2000s, our focus must begin two decades prior thereto when Congaree Associates (Congaree) owned 500 acres of land in Lexington County, part of which encompassed the parcels at issue today. In the early 1980s, Congaree pursued a residential development project to convert the land into a subdivision and hired Robert Collingwood to survey and create plats for the proposed subdivision. In August of 1983, Collingwood surveyed the property and created a plat containing thirteen subdivided lots. Congaree labeled the first phase of the development project Westchester Phase I and duly recorded the plat. The northernmost lot within the proposed subdivision, Lot 13, bordered the parcel of land presently owned by Gooldy. The plat was silent as to whether any road crossed Lot 13.

Six months later, in January of 1984, Collingwood prepared a survey for the second phase of the subdivision plan, denominated Westchester Phase II, and the plat included the disputed road, marked "50' Road." Congaree submitted the plat to the Lexington County Planning Commission (Planning Commission) for approval,

---

[1] The plat indicated the strip of land at issue was in fact a road; however, testimony at trial indicated it was more akin to a gravel driveway. For ease of reference, the term "road" is used throughout this opinion.

and in July of 1985, Westchester Phase II was conditionally approved. The Planning Commission withheld final approval until a retention pond and drainage ditches were designed and added to the plat. At some point after the conditional approval for Westchester Phase II, Congaree abandoned its plan to develop the subdivision due to the cost to comply with the Planning Commission's requirements for final approval.

In December of 1985, Collingwood prepared the Loflin Plat for James Loflin, who sought to purchase a lot from Congaree. The parcel abutted the proposed subdivision, and Collingwood included the disputed road in the Loflin Plat. Collingwood subsequently revised the plat twice, in April and August of 1986, but each revision identified the road.

In September of 1986, Congaree conveyed 0.68 acres to Loflin by a deed that incorporated the Loflin Plat. In relevant part, the deed stated,

> All that certain piece, parcel, or lot of land, with improvements thereon, if any, situate, lying and being on the western side of S.C. Highway No. 6, approximately 580 feet south of the intersection of Platt Springs Road and S.C. Highway No. 6, near the Town of Lexington, in the County of Lexington, State of South Carolina, *and being shown and designated on a plat* prepared for James T. Loflin by Robert E. Collingwood, Jr., Reg. Surveyor, dated December 10, 1985, revised August 12, 1986, and recorded in the Lexington County RMC office in Plat Book 212G at Page 204. The within described property contains 0.68 acre. (emphasis added).

Over the course of the next sixteen years, the 0.68 acre parcel was conveyed four more times, each by deed incorporating the Loflin Plat, with the final conveyance to Gooldy in January of 2002. In 2007, Congaree conveyed the neighboring lot to the Storage Center by deed that referenced a different plat that did not include the road. Shortly after the Storage Center purchased the adjacent lot and its representatives informed Gooldy that he was no longer entitled to use the road, the parties attempted to reach a shared access agreement by way of settlement. After disagreements failed to yield a workable resolution, the Storage Center erected a chain to block off access to the road, and thereafter, Gooldy filed this declaratory judgment action seeking a determination that he was entitled to easement rights in the Storage Center's property. Before the master-in-equity, Gooldy asserted claims for easement by implication or estoppel, easement by prescription, and negligence. The Storage Center contended Gooldy did not possess any easement rights.

At trial, the fact Congaree never built the subdivision was a central issue as the Storage Center stressed that Congaree's decision to abandon the subdivision demonstrated it never intended to convey an easement. Carroll McGee, a partner of Congaree, testified Congaree decided to forego plans to develop a subdivision due to cost concerns; however, he failed to state when the decision was made to abandon the project. McGee also noted the parties to the 1986 conveyance never mentioned a road or any easement rights for ingress and egress on the adjoining parcel. After a one-day trial, the master held the deed incorporated the Loflin Plat, which under law established a presumption of an implied easement that the Storage Center failed to rebut.[2] In reaching his conclusion, the master found because Collingwood surveyed Westchester Phase I and II, he knew Congaree intended to build a road. Armed with that knowledge, Collingwood included the road on the Loflin Plat. According to the master, the absence of any evidence to demonstrate when Congaree decided to abandon its subdivision plan suggested the intent to build a road existed at the time of the 1986 conveyance.

The court of appeals reversed, holding the presumption did not arise because the deed only incorporated the plat to describe the metes and bounds of the 0.68 acre parcel rather than to demonstrate the parties intended to convey an easement. Additionally, the court held no evidence supported the master's conclusion that Congaree and Loflin intended to create an easement in the 1986 conveyance. We granted Gooldy's petition for certiorari.

## STANDARD OF REVIEW

The question of whether an easement exists is a factual question in an action at law. *Bundy v. Shirley*, 412 S.C. 292, 302, 772 S.E.2d 163, 168 (2015). Appellate courts will uphold a master's factual findings if there is any evidence to support the decision. *Jowers v. Hornsby*, 292 S.C. 549, 552, 357 S.E.2d 710, 711 (1987).

## DISCUSSION

Gooldy advances two arguments as to why the court of appeals erred in reversing the master's order: first, it was error to hold the deed's reference to the Loflin Plat did not raise the presumption of an implied easement, and second,

---

[2] During the trial, the Storage Center moved for a directed verdict, but the master only granted it on the prescriptive easement claim based on Gooldy's failure to present evidence satisfying the statutory time period.

evidence in the record supported the master's decision that the 1986 conveyance was subject to an implied easement. We agree.

## I. Presumption of an Implied Easement

Generally, when a deed references a plat that contains an easement, an implied easement arises even though the deed itself is silent. *McAllister v. Smiley*, 301 S.C. 10, 12, 389 S.E.2d 857, 859 (1990). Stated differently, a presumption of an implied easement arises unless rebutted by a specific, contrary intention by the grantor. *Newington Plantation Estates Ass'n v. Newington Plantation Estates*, 318 S.C. 362, 365, 458 S.E.2d 36, 38 (1995) ("Absent evidence of the seller's intent to the contrary, a conveyance of land that references a map depicting streets conveys to the purchaser, as a matter of law, a private easement by implication with respect to those streets, whether or not there is a dedication to public use."). Furthermore, "'[A]ccording to the great weight of judicial opinion, the lot purchaser is entitled to the use of all the streets and ways, near or remote, as laid down on the plat by which he purchases.'" *Blue Ridge Realty Co. v. Williamson*, 247 S.C. 112, 120, 145 S.E.2d 922, 925 (1965) (quoting *Billings v. McDaniel*, 217 S.C. 261, 265, 60 S.E.2d 592, 593–94 (1950)).

This presumption endures even where the general policy is to disfavor implied easements "because the implication of an easement in a conveyance goes against the general rule that a written instrument speaks for itself." *Inlet Harbour v. S.C. Dep't of Parks, Recreation & Tourism*, 377 S.C. 86, 91–92, 659 S.E.2d 151, 154 (2008). Importantly, "Whatever easements are created by implication must be determined as of the time of the severance of the ownership of the tracts involved." *Boyd v. Bellsouth Tel. Tel. Co.*, 369 S.C. 410, 416, 633 S.E.2d 136, 139 (2006).

This presumption is entrenched in South Carolina property law. In *Blue Ridge*, the Court addressed whether an easement existed in a cul-de-sac. 247 S.C. at 116, 145 S.E.2d at 923. A realty company subdivided lots, recorded a plat containing the cul-de-sac, and sold the parcels by deed referencing the plat. *Id.* However, the realty company maintained ownership over a few of the lots abutting the cul-de-sac. *Id.* at 117, 145 S.E.2d at 924. After a neighboring resident blocked access to the cul-de-sac, claiming he owned that portion of the road in fee simple, the realty company brought suit, arguing the resident did not own the street because it was instead an easement. *Id.* at 121, 145 S.E.2d at 926. The Court agreed with the realty company under the general rule "that where a deed describes land as is shown on a certain plat, such plat becomes a part of the deed." *Id.* at 247 S.C. 118, 145 S.E.2d at 924. This Court has since repeated the rule from *Blue Ridge* on numerous occasions. *See,*

*e.g., Newington Plantation Estates Ass'n v. Newington Plantation Estates*, 318 S.C. 362, 365, 458 S.E.2d 36, 38 (1995) (stating that a private easement existed in an unpaved portion of a traffic circle where the deed referenced a recorded plat that contained the street and no evidence existed of a contrary intent to convey the easement); *McAllister v. Smiley*, 301 S.C. 10, 12, 389 S.E.2d 857, 859 (1990) (concluding that an implied easement arose where the deed referred to a plat that contained a road and no evidence existed that the parties intended to negate the grant of the easement); *Carolina Land Co. v. Bland*, 265 S.C. 98, 106, 217 S.E.2d 16, 20 (1975) (holding that purchasers of subdivided lots platted into streets and sold by reference to the plat acquired an appurtenant easement in a road that was never opened or used).

Based on the well-established rule articulated in *Blue Ridge*, the court of appeals erred in reversing the master and holding Gooldy was not entitled to the presumption of an implied easement. The Loflin Plat depicted a road as the southern boundary of Gooldy's property, and the lot portrayed two subdivided parcels of land originally owned by Congaree. While the Loflin Plat does not include the metes and bounds of the Storage Center's parcel, it still contains a portion of the property and clearly indicates the other parcel. Most significantly, Congaree originally owned both parcels and subdivided the property when it conveyed the 0.68 acre portion to Loflin. As the master correctly concluded, the Loflin Plat created the presumption of an implied easement as established by *Blue Ridge* and its progeny.

The Storage Center attempts to avoid this rule by contending the deed only incorporated the plat to describe the metes and bounds of the 0.68 acre tract. It asserts the deed's language—"[t]he within described property contains 0.68 acre"—aligns this case with *Lancaster v. Smithco, Inc.*, 246 S.C. 464, 144 S.E.2d 209 (1965), and *Bennett v. Inv'rs Title Ins. Co.*, 370 S.C. 578, 635 S.E.2d 649 (Ct. App. 2006). In *Lancaster*, the defendant sold property under a deed that stated the seller conveyed the property "as shown" by a recorded plat, which clearly indicated a gas pipeline company possessed easement rights on a portion of the property. 246 S.C. at 466, 144 S.E.2d at 210. The question before the Court was whether reference to a plat containing an easement held by a third party allowed the seller to escape liability for breach of the covenant against encumbrances. *Id.* at 468, 144 S.E.2d at 211. If the conveyance was subject to the easement, then it would not fall under the covenant. However, the Court rejected that contention and stated,

> A plat, however, is not an index to encumbrances, and the mere reference in a deed, as in this case, to a plat for descriptive purposes does not incorporate a notation thereon as to an easement held by a third

party so as to exclude such easement from the covenant against encumbrances in the absence of a clear intention that it so operate. *Id.* at 469, 144 S.E.2d at 211.

Significantly, the Court noted the fact-specific nature of the inquiry, highlighted by the point that neither party presented any facts other than the deed's reference to the plat to demonstrate the parties intended to convey the property subject to the easement. *Id.* Therefore, not only does *Lancaster* address whether a plat incorporated an easement for the purpose of an exclusion from the covenant against encumbrances—an issue not present here—neither party in that case presented facts to demonstrate the parties intended to convey the property subject to the easement.

In *Bennett*, the court of appeals relied upon the principle in *Lancaster* that a deed may incorporate a plat merely for descriptive purposes if the parties' intent to do so is clear. *Bennett*, 370 S.C. 578, 635 S.E.2d 649. In that case, the seller conveyed property pursuant to a deed that incorporated a plat containing a sixty-six foot right-of-way. *Id.* at 585–86, 635 S.E.2d at 652. The plat, however, was based on an erroneous survey, so the precise location and dimensions of the easement as represented conflicted with an easement held by the South Carolina Department of Transportation. *Id.* After the buyer constructed a wall inside SCDOT's easement but outside the easement as indicated on the plat, the buyer sued his title insurance carrier which in turn sued the seller and asserted the plat represented the width of the easement. *Id.* This Court rejected that contention, instead holding the parties intended to incorporate the plat merely to describe "the boundaries, metes, courses, and distances of the property conveyed." *Id.* at 595, 635 S.E.2d at 658.

Unlike the deed in question here, the deed in *Bennett* expressly stated the seller did *not* grant "'matters affecting title to the Property as shown on the Plat,' matters 'which would be shown on a current and accurate survey of the Property,' and rights-of-way of public streets and roads." *Id.* at 595, 635 S.E.2d at 658 (quoting the deed at issue). This language demonstrated an intent *not* to convey the easement indicated on the plat, which makes it inapposite to the facts before us. Accordingly, the court of appeals erred in holding *Lancaster* and *Bennet* are controlling. Instead, under *Blue Ridge*, Gooldy was entitled to the rebuttable presumption of an implied easement.

## II. Any Evidence to Support the Master's Decision

Gooldy asserts the court of appeals misapplied the "any evidence" standard of review to conclude no evidence supported the master's conclusion that the parties to

the 1986 conveyance intended to create an easement.[3] Finding ample evidence exists to support the master's conclusion, we agree.

Initially, we note the relevant inquiry regarding the parties' intent is limited to the facts and circumstances *at the time of the 1986 conveyance*. The master clearly recognized this, stating on the record that this was the pertinent date. *See Boyd v. Bellsouth Tel. Tel. Co.*, 369 S.C. 410, 416, 633 S.E.2d 136, 139 (2006) ("Whatever easements are created by implication must be determined *as of the time of the severance* of the ownership of the tracts involved.") (emphasis added).

During the time Congaree planned to develop a subdivision, Collingwood surveyed and created plats for both Westchester Phase I and II. While Congaree never recorded the plat for Westchester Phase II, it nevertheless took action consistent with the intent to build a road by submitting a plat containing the road to the Planning Commission for approval. Therefore, it is entirely reasonable to find, as the master did, that Collingwood carried out Congaree's intent at that time to build a road by marking it on the Loflin Plat. The fact that Congaree eventually abandoned its plans to build the subdivision at some later date is of little import to the determination of its intent at the time of the 1986 conveyance to Loflin. As McGee testified, "If we had developed…Westchester, there would have been a road there." With evidence to demonstrate Congaree, at the time of preparation of the Loflin Plat, intended to build the road and no evidence as to when the plan was abandoned, we find the record supports the master's decision that Congaree intended to convey an easement in the 1986 conveyance.

In reversing the master, the court of appeals appeared to have weighed the evidence rather than to have applied the highly deferential "any evidence" standard. *Inlet Harbour v. S.C. Dep't of Parks, Recreation & Tourism*, 377 S.C. 86, 91, 659 S.E.2d 151, 153 (2008) ("[T]his Court reviews factual issues relating to the existence of an easement under a highly deferential standard."). For example, the court of appeals noted McGee testified the parties to the 1986 conveyance did not intend to

---

[3] An appellate court's review of the existence of an easement is a question of fact in an action at law. We note this case does not involve the scope of an easement, which is an action in equity where an appellate court views the evidence under its view of the preponderance of the evidence. *Inlet Harbour v. S.C. Dep't of Parks, Recreation & Tourism*, 377 S.C. 86, 91, 659 S.E.2d 151, 154 (2008) ("In an action at equity, tried by a judge alone, an appellate court may find facts in accordance with its own view of the preponderance of the evidence.").

create an easement, Congaree never gave permission to Loflin to use the land at issue, and Loflin did not own the land or have any rights to it. While this may be reflected in the record, the court should have limited its analysis to determining, consistent with our appellate standard of review, whether any evidence exists to support the master's decision. The master was entitled to weigh the testimony, and the record supports his findings that McGee never actually discussed the issue with Loflin. Furthermore, the master concluded evidence of the intent to create an easement was more compelling, mainly the plan to develop a subdivision and the road. Ultimately, these issues are factual determinations relegated to the master as fact-finder which must be upheld under our standard of review if there is any evidence to support them.

## CONCLUSION

We find the record supports the master's decision that the parties to the 1986 conveyance intended to create an easement. The implied easement encumbers the Storage Center's property as the Loflin Plat was duly recorded in its chain of title. Accordingly, we reverse the court of appeals and reinstate the master's order.

**REVERSED.**

**KITTREDGE, Acting Chief Justice, FEW, JAMES, JJ., and Acting Justice Arthur Eugene Morehead, III, concur.**