**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mark Giles Pafford, Appellant,

v.

Robert Wayne Duncan, Jr., Robert Duncan, Sr., and Frank Eason, d/b/a Rock City Heavy Hauling, Inc., Defendants,

of whom Robert Wayne Duncan, Jr. and Robert Duncan, Sr. are the Respondents.

Appellate Case No. 2020-001023

Appeal From York County
Teasa Kay Weaver, Master-In-Equity

Unpublished Opinion No. 2022-UP-382
Submitted September 21, 2022 – Filed October 19, 2022

**AFFIRMED**

John Martin Foster, of Rock Hill, for Appellant.

Stephen D. Schusterman, of Schusterman Law Firm, of Rock Hill, for Respondents.

**PER CURIAM:** Mark Giles Pafford appeals the master-in-equity's order dismissing his claims and granting judgment for Robert Wayne Duncan, Jr., and Robert Duncan, Sr. (collectively, the Duncans). On appeal, Pafford argues (1) the evidence presented did not prove fraud on his part as to a vehicle contract, concerning a 2003 truck and a 2009 trailer, with the Duncans; (2) the Duncans' claim of fraud was precluded by waiver or estoppel; (3) the evidence presented established a claim of unpaid wages; (4) the evidence presented did not establish the value of a Ford Thunderbird exchanged between him and the Duncans; and (5) there was no credible evidence presented of the damage Pafford caused in his attempt to repossess the 2003 truck. We affirm pursuant to Rule 220(b), SCACR.

1. We hold evidence supports the master's determination that Pafford fraudulently represented his ability to transfer the vehicle titles to the Duncans. In regards to the 2003 truck, the record shows Pafford presented two different titles with two different owners to the master. In regards to the 2009 trailer, Pafford testified that he did not know which trailer he sold to the Duncans because he did not check the serial number of the trailer sold to them, which appeared in a yard frequented by Pafford, against the repossessed trailer he previously owned. Therefore, the master did not err in determining Pafford fraudulently represented that he could transfer valid title to the Duncans. *See Tiger, Inc. v. Fisher Agro, Inc.*, 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989) ("[This court's] scope of review for a case heard by a [m]aster-in-[e]quity who enters a final judgment is the same as that for review of a case heard by a circuit court without a jury."); *Gooldy v. Storage Ctr.-Platt Springs, LLC*, 422 S.C. 332, 338, 811 S.E.2d 779, 782 (2018) ("Appellate courts will uphold a master's factual findings if there is any evidence to support the decision."); *Singletary v. Shuler*, 433 S.C. 600, 607, 861 S.E.2d 591, 595 (Ct. App. 2021) ("Additionally, in cases tried without a jury, 'questions regarding the credibility and the weight of evidence are exclusively for the [master].'" (alteration in original) (quoting *In re Estate of Anderson*, 381 S.C. 568, 573, 674 S.E.2d 176, 179 (Ct. App. 2009)); *Smith v. Barr*, 375 S.C. 157, 162, 650 S.E.2d 486, 489 (Ct. App. 2007) (determining that the master acts as the fact-finder in a non-jury case); *Moseley v. All Things Possible, Inc.*, 395 S.C. 492, 495, 719 S.E.2d 656, 658 (2011) ("An action for fraud is an action at law."); *Regions Bank v. Schmauch*, 354 S.C. 648, 672, 582 S.E.2d 432, 444-45 (Ct. App. 2003) ("In order to prove fraud, the following elements must be shown: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.").

2.  Because Pafford raised his argument related to waiver for the first time in his motion to alter or amend the master's judgment, we hold this argument is not preserved for appellate review.  *See Spreeuw v. Barker*, 385 S.C. 45, 69, 682 S.E.2d 843, 855 (Ct. App. 2009) (determining that an appellant has failed to preserve an issue for appellate review where he did not raise an issue at trial and raised it for the first time in post-trial motions).  Additionally, because Pafford raised his argument related to estoppel for the first time on appeal, we hold he failed to preserve this argument for appellate review.  *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [master].").

3.  We hold evidence supports the master's determination that Pafford failed to establish he and the Duncans agreed to a weekly wage increase and that the Duncans had not fully paid him what they owed him.  *See Tiger, Inc.*, 301 S.C. at 237, 391 S.E.2d at 543 ("[This court's] scope of review for a case heard by a [m]aster-in-[e]quity who enters a final judgment is the same as that for review of a case heard by a circuit court without a jury."); *Storage Ctr.-Platt Springs*, 422 S.C. at 338, 811 S.E.2d at 782 ("Appellate courts will uphold a master's factual findings if there is any evidence to support the decision."); *Singletary*, 433 S.C. at 607, 861 S.E.2d at 595 ("Additionally, in cases tried without a jury, 'questions regarding the credibility and the weight of evidence are exclusively for the [master].'"); *Smith*, 375 S.C. at 162, 650 S.E.2d at 489 (determining that in a non-jury action where the master acts as the fact-finder, a plaintiff must prove his claims to the master by a preponderance of the evidence).

4.  We hold evidence supports the master's determination of the worth of the Thunderbird vehicle.  *See Tiger, Inc.*, 301 S.C. at 237, 391 S.E.2d at 543 ("[This court's] scope of review for a case heard by a [m]aster-in-[e]quity who enters a final judgment is the same as that for review of a case heard by a circuit court without a jury."); *Storage Ctr.-Platt Springs*, 422 S.C. at 338, 811 S.E.2d at 782 ("Appellate courts will uphold a master's factual findings if there is any evidence to support the decision."); *Singletary*, 433 S.C. at 607, 861 S.E.2d at 595 ("Additionally, in cases tried without a jury, 'questions regarding the credibility and the weight of evidence are exclusively for the [master].'"); *Mazloom v. Mazloom*, 382 S.C. 307, 321, 675 S.E.2d 746, 753 (Ct. App. 2009) (determining that fair market value is the "price that a seller is willing to accept and a buyer is willing to pay on the open market and in an arm's[ ]length transaction" (quoting *Fair Market Value*, *Black's Law Dictionary* 1256 (7th ed. 2000))).

5. We hold evidence supports the master's determination of the amount of damages Pafford caused during his attempt to repossess the truck. While Pafford claimed he only damaged a lock in his attempt to repossess, the Duncans claimed he caused additional damage and they provided invoices and testimony regarding the amount of damages. *See Tiger, Inc.*, 301 S.C. at 237, 391 S.E.2d at 543 ("[This court's] scope of review for a case heard by a [m]aster-in-[e]quity who enters a final judgment is the same as that for review of a case heard by a circuit court without a jury."); *Storage Ctr.-Platt Springs*, 422 S.C. at 338, 811 S.E.2d at 782 ("Appellate courts will uphold a master's factual findings if there is any evidence to support the decision."); *Singletary*, 433 S.C. at 607, 861 S.E.2d at 595 ("Additionally, in cases tried without a jury, 'questions regarding the credibility and the weight of evidence are exclusively for the [master].'"); *Smith*, 375 S.C. at 162, 650 S.E.2d at 489 (determining that in a non-jury case, the master acts as the fact-finder).

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.