**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Oak Forest Homeowners Association, Inc., Appellant,

v.

Paul M. Dennison, Mortgage Electronic Registration Systems, Inc., solely as nominee for Branch Banking and Trust Company, LLC and South Carolina State Housing Finance and Development Authority, Defendants,

Of Whom Paul M. Dennison is the Respondent.

Appellate Case No. 2022-000708

Appeal From Horry County
Cynthia Graham Howe, Master-in-Equity

Unpublished Opinion No. 2025-UP-443
Heard October 8, 2025 – Filed December 31, 2025

**REVERSED AND REMANDED**

Collin Robert Jewell and Marissa Noelle Drost, both of The Floyd Law Firm PC, of Surfside Beach, for Appellant.

Andrew Sims Radeker, of Radeker Law, P.A., of Columbia, for Respondent.

**PER CURIAM:** The master-in-equity found Paul Dennison's property is not part of the Oak Forest Homeowners Association (Oak Forest) and not bound by its covenants. We reverse because the record shows Dennison had at least constructive knowledge of his membership in Oak Forest, if not actual knowledge, and is bound by the restrictions properly recorded in his chain of title.

It is well settled that "[c]ovenants requiring property owners to pay fees for improvements, maintenance[,] or other services to a homeowners['] association run with the land." *Harbison Cmty. Ass'n, Inc. v. Mueller*, 319 S.C. 99, 102, 459 S.E.2d 860, 862 (Ct. App. 1995). "A covenant is enforceable against a subsequent grantee, even if not in the grantee's deed, if the grantee has actual or constructive notice of the covenant." *Id.* at 103, 459 S.E.2d at 863. "A homeowner is charged with constructive notice of any restriction properly recorded within the chain of title." *Id.*

The circumstances in *Harbison* are not materially distinguishable from those presented here. There, this court held homeowners were subject to restrictions found in their chain of title even when those restrictions were not referenced in their deed. *Id.* The *Harbison* subdivision's community association was created to enforce the restrictions and covenants established by the "Declaration of Covenants, Restrictions, Easements, Charges[,] and Liens." *Id.* at 101, 459 S.E.2d at 861. As part of that enforcement power, the association was authorized to collect annual assessments. *Id.* at 101, 459 S.E.2d at 861–62. The homeowners purchased property in the Harbison subdivision. *Id.* While the homeowners' deed did not explicitly reference the declarations or assessments, the deed plainly stated the property "was subject 'to easements and restrictions of record and otherwise affecting the property.'" *Id.* at 101, 459 S.E.2d at 862. Even though the homeowners failed to pay the annual assessments, they admitted they were aware that the deed of the previous owner referenced the declaration. *Id.* As a result, this court reversed the circuit court's finding that the subject property was not bound by the restrictions contained in the declaration because the homeowners had both actual and constructive knowledge of the restrictions. *Id.* at 103, 459 S.E.2d at 863.

*Harbison*'s holding governs the result in this case. Dennison's deed did not expressly reference the Oak Forest declarations, but, as in *Harbison*, the deed stated that the property was "subject to easements and restrictions of record." At trial, Dennison admitted tracing his chain of title led to both the original declarations and the supplemental Steeltown declarations explicitly incorporating his lot into the development. Under these circumstances, Dennison had—at a minimum— constructive knowledge that he was bound by the covenants and a member of Oak

Forest, as the restrictions were properly recorded and reflected in his chain of title. *See id.* ("A homeowner is charged with constructive notice of any restriction properly recorded within the chain of title."); *see also Spence v. Spence*, 368 S.C. 106, 119, 628 S.E.2d 869, 876 (2006) (noting "the law assumes the grantee will search the index and discover the interest or claim").

This result is also dictated by Dennison's deed. The deed's express reference to the plat titled "Final Plat of Steeltown Development, LLC of Oak Forest Phase III" invokes the settled principle "that where a deed describes land as is shown on a certain plat, such plat becomes a part of the deed." *Gooldy v. Storage Ctr.-Platt Springs, LLC*, 422 S.C. 332, 339, 811 S.E.2d 779, 782 (2018) (quoting *Blue Ridge Realty Co. v. Williamson*, 247 S.C. 112, 118, 145 S.E.2d 922, 924 (1965)); *Lynch v. Lynch*, 236 S.C. 612, 623, 115 S.E.2d 301, 307 (1960). Thus, the deed, through its incorporation of the plat, plainly shows Dennison's property is part of the Oak Forest subdivision. *See Spence*, 368 S.C. at 120, 628 S.E.2d at 876 (finding constructive knowledge exists "when a party becomes aware or should have become aware of certain facts which, if investigated, would reveal the claim of another"); *see also id.* ("The party will be charged by operation of law with all knowledge that an investigation by a reasonably cautious and prudent purchaser would have revealed.").

Dennison asserts any arguments regarding actual or constructive knowledge are not preserved because the master's order does not address whether Dennison had knowledge of the Oak Forest restrictions. We respectfully disagree.

Oak Forest's core argument to the master was that Dennison had knowledge of the restrictions because they were mentioned in his deed and properly recorded in his chain of title. The master ruled that Dennison's property had "a different chain of title" than adjoining land encumbered by the covenants. We read this ruling as considering—and rejecting—Oak Forest's argument. We find Oak Forest's arguments are therefore properly preserved. *See Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("At a minimum, issue preservation requires that an issue be raised to and ruled upon by the trial judge.").

Because the record shows Dennison had constructive knowledge of the restrictions, we respectfully cannot agree with the master's findings that Dennison's property has an unusual chain of title and that Oak Forest did not carry its burden of proof. *See Walker v. Brooks*, 414 S.C. 343, 347, 778 S.E.2d 477, 479 (2015) ("On appeal from an action in equity, the appellate court may find facts in accordance with its view of the preponderance of the evidence."); *see also Wachesaw Plantation E. Cmty. Servs.*

*Ass'n, Inc. v. Alexander*, 420 S.C. 251, 256 n.1, 802 S.E.2d 635, 638 n.1 (Ct. App. 2017) ("Like an action to foreclose a mortgage, an action to foreclose a lien for the unpaid assessments of a homeowners' association is an action in equity."). Accordingly, we reverse and remand for the proceedings necessary to resolve any remaining claims and defenses. We decline to rule on Dennison's proposed additional sustaining grounds because they were not presented below. *See I'On, L.L.C. v. Town of Mount Pleasant*, 338 S.C. 406, 421, 526 S.E.2d 716, 724 (2000) (noting that an appellate court may elect not to consider additional sustaining grounds that were not raised to the trial court).

**REVERSED AND REMANDED.**

**MCDONALD, HEWITT, and TURNER, JJ., concur.**